ON MOTION TO DISMISS
PER CURIAM.
This is an appeal by the Parole Commission from an order entered on appellee’s petition for writ of habeas corpus. The appealed order finds that appellee’s due process rights were violated when his parole was revoked and permits the Commission to complete the revocation proceeding provided appellee is represented by an attorney throughout the proceedings.
The appealed order was entered on January 21,1986, and the commission moved for rehearing ten days later. The motion was denied on March 6, 1986, and the notice of appeal was filed on April 4,1986. Appellee moves to dismiss this appeal on the basis of his contention that the appeal is brought pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(F), and therefore, under Rule 9.140(c)(2), the notice was required to be filed within 15 days of rendition of the order. We disagree.
Rule 9.140(e)(1)(F) authorizes appeals by the state from orders “discharging a prisoner on habeas corpus”. Although the appealed order was entered on a petition for writ of habeas corpus, it did not discharge the prisoner. Therefore, Rule 9.140 does not apply. Generally, ha-beas corpus proceedings are civil in nature. State v. Buchanan, 191 So.2d 33 (Fla.1966). As such, the motion for rehearing tolled rendition of the final order and appellant had 30 days after disposition of the motion for rehearing to file its notice of appeal. Fla.R.Civ.P. 1.530; Fla.R.App.P. 9.020(g); Fla.R.App.P. 9.110(b). Accordingly, the motion to dismiss is denied.
ERVIN, NIMMONS and BARFIELD, JJ., concur.