W. SHARP, Judge.
Hummell appeals from his sentence and restitution orders after he was resentenced for violation of community control. In September of 1996, Hummell’s community control was revoked and he was sentenced to 36 months in prison, consecutive to any other sentence. He filed a notice of appeal on September 19, 1996, and on October 2nd, the trial court entered three orders of restitution. We affirm Hummell’s convictions and sentence for aggravated assault with a deadly weapon[1] and criminal mischief,[2] but we strike the restitution orders, and the wording of the sentence that his sentence shall be served consecutively to any other.
When Hummell was originally sentenced on October 3, 1995, no victim or amount of restitution was specified. On September 5, 1996, at the time of imposition of sentence following violation of community control, there again was no discussion concerning an order of restitution. The restitution orders rendered on October, 1996 were defective in that two did not specify an amount and one, which lists $674.75 as the amount of restitution, does not indicate how that sum was determined. Further, apparently Hummell was not given notice or opportunity to be heard concerning the restitution amount, or any victim.
Because the notice of appeal was filed before the trial court entered its restitution orders, we conclude that they were without effect. M.C.L. v. State, 682 So.2d 1209 (Fla. 1st DCA 1996); Nguyen v. State, 655 So.2d 1249 (Fla. 1st DCA 1995); Skaggs v. State, 620 So.2d 1304 (Fla. 2d DCA 1993). At that point, the trial court lacked jurisdiction to enter an order requiring restitution. However, on remand the trial court may impose restitution if the state can demonstrate its right to do so has been preserved, and it *114 follows the proper procedures concerning notice and proofs, and gives Hummell an opportunity to dispute the relevant issues.
We also agree with Hummell that the requirement that his sentence be served “consecutive” to any sentences that might be imposed in cases pending in other counties is erroneous. The written sentence actually states it will run consecutive to any other active sentence. But at the time it was imposed, Hummell had no active sentence which he was serving, although other charges were pending in other cases. A trial court cannot require a defendant to serve a sentence consecutively to a sentence not yet imposed, and it is improper to commence a sentence after the imposition of a sentence for a future, unrelated crime. Wallace v. State, 41 Fla. 547, 26 So. 713 (1899); Lyons v. State, 672 So.2d 654 (Fla. 4th DCA 1996); Jarrett v. State, 665 So.2d 331 (Fla. 5th DCA 1995); Marino v. State, 635 So.2d 1068 (Fla. 5th DCA 1994); Smith v. State, 515 So.2d 363 (Fla. 4th DCA 1987); Percival v. State, 506 So.2d 66 (Fla. 2d DCA 1987); Teffeteller, v. State, 396 So.2d 1171 (Fla. 5th DCA 1981); Keel v. State, 321 So.2d 86 (Fla. 2d DCA 1975). Accordingly, we strike that language from Hummell’s sentence.
AFFIRMED in part; Restitution Orders STRICKEN; Sentence MODIFIED; REMANDED.
DAUKSCH and GOSHORN, JJ., concur.

. § 784.021(l)(a), Fla.Stat. (1995).

. § 806.13(l)(a) and (b)(3), Fla.Stat. (1995).