694 So.2d 855 (1997)
Willie LEATH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3908
District Court of Appeal of Florida, Fourth District.
June 4, 1997.
*856 Willie Leath, Lawtey, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Carol Cobourn Asbury, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant the state's motion for rehearing, withdraw our earlier opinion filed on March 12, 1997, and substitute the following opinion:
Willie Leath appeals an October 11, 1996 order summarily denying his post-conviction motion for leave to file a belated appeal from the revocation of his community control and his prison sentence. The motion alleged that Leath's trial attorney failed to file a notice of appeal when asked to do so. Appellant did not allege in his motion that he made this request before the time for taking an appeal had expired.
We disagree with the state's argument that this omission required denial of relief. The cases relied upon by the state, Gilliam v. State, 611 So.2d 90 (Fla. 2d DCA 1992) and Harris v. State, 596 So.2d 500 (Fla. 1st DCA 1992), are distinguishable because those defendants had failed to allege that they had ever asked their attorneys to file appeals.
After Leath appealed the order denying his motion for 3.850 relief, an amendment to the Florida Rules of Appellate Procedure transferred jurisdiction to consider claims of ineffective assistance of appellate counsel from the trial court to this court. Fla. R.App. P. 9.140(j)(1997). We agree with the first district's conclusion in Porter v. State, 688 So.2d 5 (Fla. 1st DCA 1997) that this change in procedure entitles the appellant to a de novo determination by this court of his entitlement to a belated appeal. We will treat appellant's appeal from the denial of his 3.850 motion as a petition seeking habeas corpus relief from this court pursuant to rule 9.140(j), Florida Rules of Appellate Procedure (1997).
The Honorable Barry E. Goldstein, who issued the original order denying relief, is appointed as commissioner with direction to make findings of fact resolving the issue of whether the appellant timely requested his trial counsel to file a notice of appeal. These findings must be supported either by the results of an evidentiary hearing or by portions of the record. Judge Goldstein shall file a report and recommendations in this court no later than sixty (60) days from the date of this opinion.
DELL, STONE and FARMER, JJ., concur.