PER CURIAM.
Appellant raises two grounds for reversal of the trial court’s denial of his rule 3.850 motion. On the first, we affirm.
The second ground for post-conviction relief, however, was legally sufficient. In it, appellant alleged that he was denied the right to effective assistance of trial counsel who failed to file a timely notice of appeal from his resentencing, although asked to do so. He also alleged that the trial court failed to advise him of his right to appeal.
Following our decision in Gibbs v. State, 623 So.2d 551 (Fla. 4th DCA), rev. denied, 630 So.2d 1099 (Fla.1993), appellant was re-sentenced on multiple counts. Because he had not pled guilty, appellant had the right to appeal the resulting resentencing.
Because rule 9.140(j), Florida Rules of Appellate Procedure (1997), provides for habeas petitions seeking belated appeal to be filed in this court, we treat ground II of appellant’s rule 3.850 motion as such a petition filed in this court. See Johnson v. State, 694 So.2d 159 (Fla. 4th DCA 1997); see also Leath v. State, 694 So.2d 855 (Fla. 4th DCA 1997). Appellee does not contest the factual allegations made by appellant, so it is unnecessary to appoint a commissioner to make a report and recommendation to this court.
A copy of this opinion and this court’s mandate shall be filed with the lower court and treated as the notice of appeal pursuant to rule 9.140(j)(5)(D), Florida Rules of Appellate Procedure.
GLICKSTEIN, WARNER and STEVENSON, JJ., concur.