PER CURIAM.
This is an appeal from an order of the circuit court denying a petition for a belated appeal. As of January 1, 1997, Florida Rule of Appellate Procedure 9.140(j)(l) requires the filing of petitions for belated appeal in the appellate court. If the appellant had initially filed his petition here instead of .in the trial court, in all likelihood we would have issued an order to show cause, based on the principles that trial counsel’s failure to seek a timely. appeal constitutes ineffective assistance of counsel as a matter of law, see Faircloth v. State, 661 So.2d 1292 (Fla. 4th DCA 1995), and trial counsel’s failure to file a timely notice of direct appeal, when requested to do so by the defendant, entitles the defendant to a belated appeal. See Short v. State, 596 So.2d 502 (Fla. 1st DCA 1992).
However, this court then would have appointed the trial court as commissioner to make findings to resolve the issue of whether petitioner timely requested his counsel to proceed with his appeal. See Leath v. State, 694 So.2d 855 (Fla. 4th DCA 1997). Based on the record before us, the trial court has already made the evidentiary determination that petitioner did not timely request the filing of the appeal. The court based its finding on petitioner’s testimony that he asked counsel to appeal, counsel’s representation to the court that he did not remember petitioner’s asking him to file the notice of appeal within the time limit, and taking into account the facts and circumstances of the case, especially the activity in the case following sentencing and prior to filing of the motion. There is no reason for this court to believe that the trial court would conclude differently if this court were to appoint it as commissioner to hold another hearing. The matter has already been fully addressed.
For these reasons, we affirm the trial court’s order despite the court’s departure from proper procedure.
■ DELL, WARNER and FARMER, JJ., concur.