705 So.2d 713 (1998)
Renny Ray DUBOIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-4188.
District Court of Appeal of Florida, First District.
February 17, 1998.
Renny Ray Dubois, Appellant, pro se.
Robert A. Butterworth, Attorney General; and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant seeks review of orders dismissing his petition requesting a writ of habeas corpus and denying his motion requesting a belated appeal pursuant to Florida Rule of Criminal Procedure 3.850. We conclude that the trial court correctly dismissed the petition for a writ of habeas corpus. Accordingly, we affirm that order without further discussion. We treat the motion requesting a belated appeal as a petition pursuant to Florida Rule of Appellate Procedure 9.140(j), and grant the petition.
Appellant's sworn motion seeking a belated appeal states that appellant received ineffective assistance from trial counsel because counsel failed to honor his timely request to file a notice of appeal. The trial court denied the motion on the ground that appellant had forfeited his right to appeal by entering no contest pleas without reserving any issue. We treated the motion as a petition seeking a belated appeal pursuant to Florida Rule of Appellate Procedure 9.140(j). Finding the petition sufficient on its face, we directed the state to show cause why the requested relief should not be granted. The state's response does not attempt to refute the factual representations contained in appellant's sworn petition. Accordingly, based upon our recent decision in Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998) (en banc), we grant the request for a belated appeal, and remand to the trial court. Within thirty days of the date of the mandate in this case, appellant's trial counsel shall file a notice of appeal, as required by Florida Rule of Appellate Procedure 9.140(b)(5). Should trial counsel fail to comply, this court's mandate will be treated as the notice of appeal. See Fla. R.App. P. 9.140(j)(5)(D). If appellant qualifies for appointed counsel, the trial court shall appoint counsel to represent appellant on appeal.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ALLEN, WEBSTER and PADOVANO, JJ., concur.