PER CURIAM.
Following a jury trial, appellant, Aubrey Funchess (Funchess) was convicted of manslaughter. The Public Defender filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Funchess waived his right to file a pro se brief. We have reviewed the record and agree with the Public Defender that no good faith argument can be made that reversible error occurred in the trial court. Accordingly, Funchess’ convictions and sentences are affirmed. However, as pointed out by the Public Defender, the civil judgment of restitution was entered after the notice of appeal had divested the trial court of jurisdiction, and therefore that civil judgment imposing restitution is vacated. See, e.g., Prance v. State, 702 So.2d 627 (Fla. 1st DCA 1997); M.C.L. v. State, 682 So.2d 1209 (Fla. 1st DCA 1996). On remand, the trial court may again impose the restitution, following the proper procedures concerning notice and proofs, should the state demonstrate that its right to restitution has been preserved. See, e.g., Hummell v. State, 693 So.2d 113 (Fla. 5th DCA 1997).
MINER and WOLF, JJ„ and SHIVERS, Senior Judge, concur.