710 So.2d 144 (1998)
Dennis DENSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-385.
District Court of Appeal of Florida, Fifth District.
April 17, 1998.
*145 Dennis Denson, Bowling Green, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer Meek, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
Petitioner Dennis Denson seeks a belated appeal, alleging that at sentencing he advised his trial attorney of his desire to appeal and the attorney agreed to file an appeal, but failed to do so. In response, the state points out that although petitioner makes the appropriate allegations, he has failed to present any affidavits or any supporting documentation. Therefore, the state "joins" petitioner in requesting that the issue be referred to the lower court for an evidentiary hearing.
Florida Rule of Appellate Procedure 9.140(j) now establishes the procedure for seeking a belated appeal. Rule 9.140(j)(2)(F) states that the petition shall include "the specific facts sworn to by the petitioner or petitioner's counsel that constitute the alleged ineffective assistance of counsel." The petition in this case is made under oath and the allegations are facially sufficient.
The Committee Notes to the rule provide that "[i]n the rare case where entitlement to belated appeal depends on a determination of disputed facts, the appellate court may appoint a commissioner to make a report and recommendation." The state requests that this court follow this recommended procedure, but the state does not specifically dispute petitioner's allegations. Instead, the state argues that, in the absence of a sworn affidavit from trial counsel or supporting documentation, an evidentiary hearing should be required. However, the rule does not require a petitioner to provide an affidavit from trial counsel. Instead, the state must dispute the petitioner's sworn claim, if not by affidavit, at least by specific allegations. In the absence of a disputed fact, the petition will be granted without an evidentiary hearing. However, because this is a new procedure, and evidentiary hearings have been ordered in some cases although facts have not been specifically disputed, in this case the state may file a supplemental response to the show cause order within 20 days of this opinion.
It is so ordered.
DAUKSCH, COBB and PETERSON, JJ. concur.