737 So.2d 1102 (1998)
Michael SCHUBERT, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-3964.
District Court of Appeal of Florida, First District.
June 3, 1998.
Michael Roger Schubert, pro se, petitioner.
Robert A. Butterworth, Attorney General; and Trina Kramer, Assistant Attorney General, Tallahassee, for respondent.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of the motion for rehearing filed by the State of Florida, we grant rehearing and withdraw the opinion filed March 31, 1998, and substitute this opinion. Because there are disputed issues of fact concerning whether petitioner made a timely request to his trial counsel to file a notice of appeal, by unpublished order rendered this date, we relinquish jurisdiction to the circuit court for appointment of a special master to serve as a commissioner for this court to make findings of fact to resolve this issue.
In his sworn petition for belated appeal and supplemental affidavit, petitioner Michael Schubert stated that he timely instructed his trial counsel to file a notice of appeal, but his trial counsel failed to file the notice. The allegations of that petition were facially sufficient to justify the grant of a belated appeal, if not disputed. This court issued an order to show cause. In response to that order, the state argued that an evidentiary hearing is necessary to determine whether trial counsel was ineffective in failing to timely file a notice of appeal. The state failed to present a good faith factual basis for opposing the relief requested by petitioner, and we therefore issued our original opinion explaining that when the petitioner's entitlement to a belated appeal does not depend on a determination of disputed facts, it is unnecessary for this court to appoint a commissioner to make a report and recommendation. See Hammond v. State, 706 So.2d 73 (Fla. 1st DCA 1998); Dubois v. State, 705 So.2d 713 (Fla. 1st DCA 1998).[1]
*1103 Florida Rule of Appellate Procedure 9.140(j), created a new procedure for filing original petitions for belated appeal directly in this court. That procedure has been inconsistently applied, as our sister court noted in Denson v. State, 710 So.2d 144 (Fla. 5th DCA 1998). Some petitioners were granted belated appeals based solely upon the fact that there were no disputed issues of fact, while others have been required to establish entitlement to the belated appeal in evidentiary proceedings. Id. We explained in Dubois, supra, and Hammond v. State, supra, as well as our original opinion in this case, that the state must allege a good faith basis for disputing the factual allegations in the petition for belated appeal before this court will order an evidentiary hearing. However, the state's response to the order to show cause was required to be filed before those opinions were filed.
The State's motion for rehearing does contain the necessary allegations to set forth a good faith basis for disputing the petitioner's allegations that he asked his trial counsel to file a timely notice of appeal. The state represents to this court that an investigation disclosed that Schubert's trial counsel denies having been asked by petitioner to file a notice of appeal. Indeed, the state has gone further than required, and has produced evidence to conflict with the representations of Schubert's petition, in the form of an affidavit from Schubert's trial counsel to support the state's representations. Accordingly, we elect to treat the state's motion for rehearing as a supplemental response to the order to show cause. See Denson v. State, supra. The state having now made sufficient allegations to raise a disputed question of fact concerning whether petitioner instructed his trial counsel to file a notice of appeal, by unpublished order issued on this date, we relinquish jurisdiction to the circuit court for appointment of a special master to serve as commissioner for this court to conduct an evidentiary hearing on the petitioner's entitlement to a belated appeal.
WOLF, WEBSTER and DAVIS, JJ., concur.
NOTES
[1] Although it may appear that we have suggested in earlier opinions that the state is required to come forward with evidence to refute petitioner's sworn petition, it is sufficient for the state to set forth a good faith basis for its opposition to the relief requested.