737 So.2d 1103 (1998)
Bryce Page WESSELLS, Petitioner,
v.
STATE of Florida, Respondent.
No. 97-2989.
District Court of Appeal of Florida, First District.
June 15, 1998.
*1104 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; and Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.

ON MOTION FOR REHEARING
PER CURIAM.
Upon consideration of the motion for rehearing filed by the State of Florida, we grant rehearing and withdraw the opinion filed April 2, 1998, and substitute this opinion. Because there are disputed issues of fact concerning whether petitioner made a timely request to his trial counsel to file a notice of appeal, by unpublished order rendered this date, we relinquish jurisdiction to the circuit court for appointment of a special master to serve as a commissioner for this court to make findings of fact to resolve this issue.
In his sworn petition for belated appeal, petitioner, Bryce Page Wessells, stated that he timely instructed his trial counsel to file a notice of appeal, but his trial counsel failed to file the notice. The allegations of that petition were facially sufficient to justify the grant of a belated appeal, if not disputed. In its brief, the state argued that an evidentiary hearing is necessary to determine whether trial counsel was ineffective in failing to timely file a notice of appeal. Originally, the state failed to present a good faith factual basis for opposing the relief requested by petitioner, and we therefore issued our original opinion granting a belated appeal.
Florida Rule of Appellate Procedure 9.140(j), created a new procedure for filing original petitions for belated appeal directly in this court. That procedure has been inconsistently applied, as our sister court noted in Denson v. State, 710 So.2d 144 (Fla. 5th DCA 1998). Some petitioners were granted belated appeals based solely upon the fact that there were no disputed issues of fact, while others have been required to establish entitlement to the belated appeal in evidentiary proceedings. Id. We explained in Dubois v. State, 705 So.2d 713 (Fla 1st DCA 1998), and Hammond v. State, 706 So.2d 73 (Fla. 1st DCA 1998), that the state must allege a good faith basis for disputing the factual allegations in the petition for belated appeal before this court will order an evidentiary hearing. However, this requirement did not exist when the state filed its original brief.
The State's motion for rehearing contains the necessary allegations to set forth a good faith basis for disputing the petitioner's allegations that he asked his trial counsel to file a timely notice of appeal. It has produced evidence to conflict with the representations of Wessells' petition, in the form of an affidavit from Wessells' trial counsel to support the state's representations that no appeal was requested.
The state having now made sufficient allegations to raise a disputed question of fact concerning whether petitioner instructed his trial counsel to file a notice of appeal, by unpublished order issued on this date, we relinquish jurisdiction to the circuit court for appointment of a special master to serve as commissioner for this court to conduct an evidentiary hearing on the petitioner's entitlement to a belated appeal.
MICKLE and DAVIS, JJ., and McDONALD, PARKER LEE, Senior Judge, concur.