PER CURIAM.
Troy Reese seeks a belated appeal from his strong arm robbery conviction. In his sworn petition, Reese alleged that he instructed his attorney to file an appeal after the jury returned a guilty verdict and again after he was sentenced. The state responded that it had contacted Reese’s trial attorney, who reported that while he had no specific recollection of any such conversation, his failure to file a notice of appeal in this case “must have been a mistake.” The state urges that a commissioner should be appointed to make findings of fact.
Florida Rule of Appellate Procedure 9.140(i) governs belated appeals. In Leath v. State, 694 So.2d 855 (Fla. 4th DCA 1997), this court adopted a procedure to handle those cases in which the state contests factual allegation in the petition. Under Leath, a commissioner is appointed to hold an evidentiary hearing to resolve the factual dispute. Other districts have reasoned that it is not necessary to follow that procedure unless the state shows a good faith basis for disputing the petitioner’s allegations. See e.g., Wessells v. State, 737 So.2d 1103 (Fla. 1st DCA 1998); Schubert v. State, 737 So.2d 1102 (Fla. 1st DCA 1998); Denson v. State, 710 So.2d 144 (Fla. 5th DCA 1998).
We agree. Absent a showing in the state’s response of a good faith basis for opposing a facially sufficient petition, belated appeal will be granted without appointment of a commissioner. In this case there is no good faith dispute to be resolved, so the belated appeal is hereby granted. By unpublished order issued this date, we direct further proceedings on the belated appeal.
POLEN, KLEIN and STEVENSON, JJ., concur.