PER CURIAM.
Ronnie Wiggins appeals an order of the trial court summarily denying his timely, sworn Florida Rule of Criminal Procedure 3.850 motion. We affirm the order, treat the motion as a proper request for a belated appeal, and remand with directions in accordance with Dubois v. State, 705 So.2d 713 (Fla. 1st DCA 1998).
Without further need for discussion, we find that the trial court included attachments conclusively refuting the factual allegations in Wiggins’ first two claims. The third and final claim alleged that Wiggins’ court-appointed trial counsel had rendered ineffective assistance when he failed to file a direct appeal after Wiggins timely requested him to do so. This constitutes a colorable claim of ineffective assistance of counsel. Schubert v. State, 737 So.2d 1102 (Fla. 1st DCA 1998); Hammond v. State, 706 So.2d 73 (Fla. 1st DCA 1998); Dubois; Hudson v. State, 596 So.2d 1213 (Fla. 1st DCA 1992). Nevertheless, the trial court properly concluded that it lacked jurisdiction to consider a claim for a belated appeal. Fla. R.App. P. 9.140(j)(l) (requiring petitions seeking belated appeal to be filed in the appellate court to which the appeal should have been taken); Trowell v. State, 706 So.2d 332 (Fla. 1st DCA 1998) (en banc), approved, 739 So.2d 77 (Fla.1999).
We have treated the facially sufficient motion as a petition for belated appeal under Rule 9.140(j). McLaurn v. State, 722 So.2d 935 (Fla. 1st DCA 1998); Buie v. State, 709 So.2d 655 (Fla. 1st DCA 1998); Hammond. We directed the State to show cause why the appellant should not be granted a belated appeal. The State’s response failed to present a good-faith factual basis for opposing the relief requested by the appellant. Wessells v. State, 737 So.2d 1103 (Fla. 1st DCA 1998) (on mot. for reh’g); Schubert, 737 So.2d at 1102 n. 1.
We grant the request for a belated appeal and remand to the trial court with directions to follow the procedures set forth in Dubois:
Within thirty days of the date of the mandate in this case, appellant’s trial counsel shall file a notice of appeal, as required by Florida Rule of Appellate *541 Procedure 9.140(b)(5). Should trial counsel fail to comply, this court’s mandate will be treated as the notice of appeal. See Fla. R.App. P. 9.140(j)(5)(D). If appellant qualifies for appointed counsel, the trial court shall appoint counsel to represent appellant on appeal.
705 So.2d at 713.
AFFIRMING and REMANDING with directions.
ALLEN, BENTON and BROWNING, JJ., CONCUR.