PER CURIAM.
William Craft petitioned this court for a belated appeal, asserting under oath that he timely asked his trial counsel to file a notice of appeal and that request was not honored. In accordance with Schubert v. State, 737 So.2d 1102 (Fla. 1st DCA 1998), the State obtained a sworn statement from counsel that Craft did not ask him to appeal. This court relinquished jurisdiction with instructions that an evidentiary hearing be conducted and the special master resolved the factual dispute against the petitioner. Accordingly, the petition for belated appeal is denied.
The State has moved for sanctions on the basis that petitioner either knowingly or with reckless disregard for the truth brought false information before this court. See § 944.28(2)(a), Fla. Stat. (1997). The statute allows forfeiture of gain-time and the right to earn gain-time in the future if a prisoner “is found by a court to have brought a frivolous suit, action, claim, proceeding, or appeal in any court,” or “to have knowingly or with reckless disregard for the truth brought false information or evidence before the court.” Id. We deny the motion for sanctions. In so doing, we note the special master’s conclusions of law concerning Craft’s lack of credibility. We have also, however, reviewed carefully the transcript of Craft’s actual sentencing hearing. At least three different cases were consolidated for purposes of a plea and sentence at that time. The transcript is confusing. Should the State wish to seek statutory sanctions in these cases in the future, it would be well advised to present evidence from which a special master could address the statutory factors of section 944.28(2)(a), Florida Statutes (1997). Under this court’s decision in Sword v. State, the special master’s mere resolution of credibility questions adversely to petitioner will not be sufficient to support statutory sanctions. 745 So.2d 537 (Fla. 1st DCA 1999).
BOOTH, ALLEN, and KAHN, JJ., concur.