PER CURIAM.
Appellant seeks review of the trial court’s summary denial of a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 seeking postconviction relief. We affirm the trial court’s order on the merits. However, one of the issues raised in Appellant’s motion was ineffective assistance of counsel for failure to file a notice of appeal when requested. The trial court correctly ruled it lacked jurisdiction on this issue. In response to a show cause order, the State has not disputed the factual claims in Appellant’s sworn motion, and we therefore treat Appellant’s motion as a petition for belated appeal pursuant to Florida Rule of Appellate Procedure 9.140(j). Tucker v. State, 738 So.2d 483 (Fla. 1st DCA), cause dismissed, 743 So.2d 16 (Fla.1999); Hawkins v. State, 706 So.2d 941 (Fla. 1st DCA 1998).
We therefore grant Appellant’s motion, and treat it as a petition for a belated appeal and remand to the trial court. In accordance with the procedure set forth in Dubois v. State, 705 So.2d 713 (Fla. 1st DCA), rev. dismissed, 717 So.2d 538 (Fla.1998):
Within thirty days of the date of the mandate in this case, appellant’s trial counsel shall file a notice of appeal, as required by Florida Rule of Appellate Procedure 9.140(b)(5). Should trial counsel fail to comply, this court’s mandate will be treated as the notice of appeal. See Fla. RApp. P. 9.140(j)(5)(D). If appellant qualifies for appointed counsel, the trial court shall appoint counsel to represent appellant on appeal.
Id.; Wiggins v. State, 745 So.2d 540 (Fla. 1st DCA 1999).
AFFIRMED and REMANDED, with directions.
BOOTH, KAHN and BROWNING, JJ., CONCUR.