PER CURIAM.
Because there are disputed issues of fact concerning whether petitioner/appellant Thomas G. Kibblin waived his right to appeal in case numbers 98-9618 and 98-12826, or whether Kibblin did not waive his right to appeal and made a timely request to his counsel to file a notice of appeal, we relinquish jurisdiction to the circuit court in order to make findings of fact to resolve this issue.
In April of 1998, Kibblin was charged in case number 98-9618 with burglary of an occupied dwelling, and in case number 98-12826 with burglary of an unoccupied dwelling. Kibblin chose to go to trial in case number 98-9618, was convicted, and was sentenced to twenty-three years as an habitual offender. Kibblin pleaded guilty in case number 98-12826 and was sentenced to a concurrent fifteen years.
In his sworn petition for belated appeal, Kibblin stated that he timely instructed his trial counsel to file a notice of appeal in both cases, but his trial counsel failed to file the notice. The allegations of that petition were facially sufficient to justify the grant of a belated appeal, if not disputed. In response to this Court’s order to show cause, the State argued that an evi-dentiary hearing is necessary to determine whether trial counsel was ineffective in failing to timely file a notice of appeal. The State has presented a good faith factual basis for opposing the relief requested by petitioner. See, e.g., Schubert v. State, 737 So.2d 1102 (Fla. 1st DCA 1998). The State represents to this court that an investigation disclosed that Kibblin’s court appointed counsel denies having been asked by petitioner to file a notice of appeal, with support in the form of an affidavit from counsel. The affidavit provides that subsequent to the jury’s verdict in case number 98-9618, the State extended an offer of fifteen years with a ten year minimum mandatory sentence on case number 98-12826, to run concurrent with the sentence in trial case number 98-9618. Appointed counsel stated that Kibblin decided to wait until sentencing to decide. At sentencing, appointed counsel stated he explained the State’s offer to Kibblin, and that Kibblin accepted the State’s offer and waived his right to appeal in both cases.
The State has not supplemented the record before us with the plea colloquy for case number 98-12826. Without that plea colloquy, this Court cannot tell whether, as part of accepting the State’s offer in case number 98-12826, Kibblin waived his right to appeal from his trial conviction in case number 98-9618. The State having sufficiently raised a disputed question of fact concerning whether Kibblin instructed his trial counsel to file a notice of appeal, we relinquish jurisdiction to the circuit court to conduct an evidentiary hearing on Kibb-lin’s entitlement to a belated appeal in cases 98-9618 and 98-12826.