769 So.2d 1100 (2000)
Jeffrey BRIGHAM, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D00-2372.
District Court of Appeal of Florida, First District.
October 3, 2000.
Jeffrey Brigham, petitioner, pro se.
Robert A. Butterworth, Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Petitioner seeks belated appeal of an order denying a motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The order denying the 3.850 motion was rendered on *1101 March 29, 2000. In the sworn petition, petitioner states that he did not receive a copy of the circuit court's order until May 15, 2000. He asserts that he is entitled to belated appeal because he did not receive a copy of the order denying his motion until after the time for taking an appeal had expired. Petitioner attaches a prison mail log in support of this allegation. The mail log shows that petitioner received legal mail from the clerk of the circuit court on May 15, 2000. Petitioner states that he sought to retrieve more concrete documentary evidence to submit with his petition, but because of institutional policies, the mail room staff will not provide him with a complete copy of the mail log.
In response to an order to show cause, the state suggests that the better remedy for this claim is a motion in the trial court pursuant to Florida Rule of Civil Procedure 1.540, which advises the trial court that the order was not received or was otherwise misplaced and should be re-issued in the interest of justice. The state cites Brown v. State, 708 So.2d 1041 (Fla. 1st DCA 1998), Snelson v. Snelson, 440 So.2d 477 (Fla. 5th DCA 1983) and Dempsey v. Florida Department of Corrections, 765 So.2d 95 (Fla. 1st DCA 2000).
We write to address the suggestion that petitioner's proper remedy to obtain belated appeal from an order denying a rule 3.850 motion is to file a motion pursuant to a rule of civil procedure. We find that the reliance on Brown, Snelson and Dempsey in support of this argument is misplaced. See, Funchess v. Moore, 766 So.2d 348 (Fla. 1st DCA 2000). In Brown, petitioner sought to obtain belated appeal from an order denying a petition for writ of habeas corpus. The remedy of habeas corpus is civil in nature. See, generally, State v. Buchanan, 191 So.2d 33 (Fla. 1966); Florida Parole and Probation Commission v. Brown, 499 So.2d 36 (Fla. 1st DCA 1986). Snelson and Dempsey likewise arose from underlying civil proceedings. Where the proceedings below are civil in nature, this court lacks the authority to grant a belated appeal pursuant to Florida Rule of Appellate Procedure 9.140 and the petitioner must seek relief in the trial court by motion pursuant to rule 1.540. See, Hollingsworth v. Szczecina, 731 So.2d 790 (Fla. 1st DCA 1999).
Here, however, petitioner is seeking belated appeal of an order denying a motion for postconviction relief pursuant to rule 3.850. The proper remedy to obtain a belated appeal from an underlying proceeding pursuant to a rule of criminal procedure is by petition to this court pursuant to rule 9.140. Funchess.
On the merits, the state's response does not attempt to refute the factual representations made under oath by appellant. See, Dubois v. State, 705 So.2d 713 (Fla. 1st DCA 1998). Nor does the state's response present a good-faith factual basis for opposing the relief requested by the appellant. See, Wiggins v. State, 745 So.2d 540 (Fla. 1st DCA 1999).
Accordingly, we find that petitioner has established the right to obtain a belated appeal from the March 29, 2000, order denying defendant's motion for post-conviction relief in Liberty County case number 39-97-01-CFA. The trial court shall treat this court's mandate as the notice of appeal. Florida Rule of Appellate Procedure 9.140(j)(5)(D).
PETITION GRANTED.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.