834 So.2d 910 (2003)
Willie James OLIVER, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D02-3147.
District Court of Appeal of Florida, Fifth District.
January 10, 2003.
*911 Willie James Oliver, Cocoa, pro se.
Charlie Christ, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Respondent.
COBB, Senior Judge.
Oliver seeks a belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c). We grant the petition for the reason that the transcript of the sentencing hearing demonstrates that Oliver asked for an appeal at that time and the trial court found Oliver to be indigent for appellate purposes. No appeal was filed, however. Because of this record, we believe Oliver has established his right to a belated appeal without the necessity for an evidentiary hearing.
On the other hand, we do not accept the argument that, in the absence of a definitive record (such as we have in this case), the petition for a belated appeal must be automatically granted unless the State can come forward with an affidavit or statement from the petitioner's trial counsel denying that any request for an appeal was made by the petitioner outside the scope of the court record. We believe that approach is a misconstruction of the language in State v. Trowell, 739 So.2d 77 (Fla.1999).
Trowell indicates that an evidentiary hearing in the trial court may be ordered by the appellate court where the State has raised "a good faith basis to dispute the defendant's claims through affidavit or specific contrary allegation." See Trowell at 81. But what is a good faith basis for such disputes? Does this mean that such contrary allegations can come only from a voluntary statement submitted by defense counsel, who may be a reluctant witness?
The State typically is not privy to the discussions between the convicted criminal and his counsel and must try to ascertain whether there is any dispute about the timely request by communicating with the defense lawyer. If defense counsel cannot be found or will not communicate with the State concerning whether an appeal was timely requested, a rule that the belated appeal must be granted will encourage bogus claims and increase the number of unwarranted appeals. A defense lawyer who could not represent to the State in good faith that his client did make a timely request could simply duck the issue by ducking the call. It makes more sense in such a circumstance to send it back to have the trial court determine the facts. We do not believe the Trowell court had the situation in mind where the State represents that it has been unable to communicate with defense counsel.
The more reasonable interpretation of the language in Trowell is that an allegation by the State that a good faith effort to contact defense counsel was unsuccessful would imply a dispute and furnish the basis for an evidentiary hearing at which defense counsel would be a compellable witness.[1] It is one thing for an attorney to *912 duck a call, and something quite different to commit perjury at an evidentiary hearing. Absent such an interpretation, Rule 9.141(c) can be used, and misused, as a procedural device to transmute the 30-day limit for the initiation of criminal appeals into a two-year period. Surely, this result could not have been contemplated by Trowell. If it was, the Florida Supreme Court simply could amend the time requirement in the Florida Rules of Appellate Procedure for the initiation of criminal appeals.
Our opinion in Denson v. State, 710 So.2d 144 (Fla. 5th DCA 1998), is relied upon by the petitioner. Denson, however, preceded Trowell and is distinguishable from it. It determined that Florida Rule of Appellate Procedure 9.140(j), as revised, did not require a sworn affidavit from trial counsel as supporting documentation for a petition for belated appeal; rather, it was simply required that the petition be under oath with facially sufficient allegations by the petitioner. Denson did not deal with the question of whether the State can dispute those allegations "in good faith" absent supporting documentation from defense counsel so as to warrant an evidentiary hearing, which is the question raised (although not dispositive) by the petitioner in the instant case.
Petition for Belated Appeal Granted.
GRIFFIN, J., concurs.
SHARP, W., J., concurring specially in result only.
SHARP, W., J., concurring specially in result only.
I agree Oliver is entitled to a belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c). I write separately to explain why we must reject the state's request to appoint a commissioner for fact finding purposes.
Oliver alleges in his petition, under oath, that at the end of his sentencing hearing before Judge Griesbaum, he requested that an appeal be filed on his behalf, and that trial counsel failed to file an appeal. Attached to the petition are two documents: (1) a portion of the transcript of the sentencing hearing which demonstrates Oliver stated he wanted to appeal, that his trial counsel asked the court "approved" him (apparently as an indigent), and that the court did so; and (2) an order which declares Oliver is indigent for appellate purposes and which appoints the public defender to represent him in obtaining a belated appeal.
In response to this petition, the state merely states it tried to contact Oliver's trial assistant public defender on several occasions but had not yet been able to contact him. Thus, it concludes, the state is "unable to dispute the facts at this juncture." It urges this court appoint a special commissioner to determine "the facts" and make a recommendation, citing Denson v. State, 710 So.2d 144 (Fla. 5th DCA 1998).
This is an unusual case. However, under the facts and circumstances presented here, we must grant Oliver a belated appeal without the appointment of a special commissioner, because we are bound by existing case law. See State v. Trowell, 739 So.2d 77 (Fla.1999); Denson v. State, 710 So.2d 144 (Fla. 5th DCA 1998).
In Trowell, the supreme court discussed what a defendant must allege, under oath, in order to obtain a belated appeal under prior case law and Florida Rule of Appellate Procedure 9.140(j)(2)(F), the prior version of Rule 9.141(c). The court said:
In conclusion, we hold that the appellate court should grant a petition seeking a belated appeal if the defendant alleges that a timely request of counsel to file the notice of appeal was made and that counsel failed to do so.
*913 Trowell, 739 So.2d at 81. The petition in this case complies with those simple requirements.
Denson involved a situation similar to the one before us, where the State argued that in the absence of a sworn affidavit by trial counsel or supporting documentation, a hearing was required. That argument was rejected by this court, and later by the Trowell court. Because supporting documentation is rarely available, the Trowell court cautioned that supporting documents and affidavits are not required. A defendant need only allege that he or she made a timely request of counsel to file an appeal and that counsel failed to comply with the request.
On the other hand, it is appropriate to appoint a commissioner to make a report and recommendation concerning "disputed facts" when the entitlement to a belated appeal turns on those "disputed facts." Both courts, quoting a commentary to the rule, said such references to a commissioner would be in rare cases. Trowell; Denson.
We concluded in Denson that in order to make the appointment of a commissioner and a hearing appropriate:
[T]he state must dispute the petitioner's sworn claim, if not by affidavit, at least by specific allegations. In the absence of a disputed fact, the petition will be granted without an evidentiary hearing. (emphasis added)
Denson, 710 So.2d at 145. Denson rejected reference to a commissioner because the state did not specifically dispute the petitioner's allegations.
The Trowell court agreed with this conclusion and cited Denson:
If the State raises a good faith basis to dispute the defendant's claims through affidavit or specific contrary allegations, the appellate court may order an evidentiary hearing in the trial court to determine the limited disputed issues of fact. [footnote omitted] See Denson, 710 So.2d at 145 ...
In this case, the state is unable to dispute any fact alleged by Oliver. Instead, it merely responds that it is unable to contact Oliver's trial counsel. That creates no dispute of a fact which affects Oliver's right to a belated appeal, one way or the other. Furthermore, there are no "disputed" facts for a commissioner to determine, if one were appointed. A commissioner would have to determine the veracity of Oliver's allegations in toto, even though not disputed. That is the kind of case in which Trowell and Denson say the appointment is not necessary.
I recognize the state is at a disadvantage in its inability to specifically dispute matters communicated to trial counsel by a defendant, AS WELL AS at the time they were communicated. But its inability to reach trial counsel for comment is not the equivalent of making a specific fact allegation. As contemplated by the drafters of rule 9.141(c), the Florida Supreme Court in Trowell, and this court in Denson, those cases requiring the appointment of a commissioner to resolve disputed FACT issues should be few in number or as the controlling authorities say, "rare."
NOTES
[1] For example, in the instant case the State alleged that it had "attempted to contact (defense counsel) on several occasions" and that "messages have been left, but (defense counsel) has not yet responded."