ON MOTION FOR REHEARING

PER CURIAM.
We deny rehearing, but withdraw this court’s March 10, 2004 opinion granting Thompkins a belated appeal and substitute the following opinion.
Jethro Thompkins seeks belated appeal of his April 30, 2003 conviction and sentence. Thompkins’s sworn petition alleges defense counsel agreed to process the appeal but did not do so. The state was ordered to show cause why the petition should not be granted. The state’s response indicates that it was unable to contact trial counsel and requests that a commissioner be appointed to make factual findings.
The state explains that, in response to our order to show cause, calls were made to defense counsel on January 22, 2004 and January 27, 2004. While each time a message was left, the content of the messages was not disclosed. Defense counsel returned the January 27th call that same day and left a message for the assigned assistant attorney general. The state then called back on January 28, 2004, the same day the state filed its response to this petition, and left another message. It would appear, therefore, that the attorneys engaged in the commonly know experience of “phone tag.”
We deem this response, without more, insufficient to require an evidentiary hearing and conclude that the state has failed to raise a good faith basis for disputing Thompkins’s sworn allegations. “Absent a showing in the state’s response of a good faith basis for opposing a facially sufficient petition, belated appeal will be granted without appointment of a commissioner.” Reese v. State, 743 So.2d 1104 (Fla. 4th DCA 1998). See also State v. Trowell, 739 So.2d 77, 81 (Fla.1999); Wessells v. State, 737 So.2d 1103 (Fla. 1st DCA 1998); Schubert v. State, 737 So.2d 1102, 1103 (Fla. 1st DCA 1998); Denson v. State, 710 So.2d 144, 145 (Fla. 5th DCA 1998). But see Oliver v. State, 834 So.2d 910, 911-12 (Fla. 5th DCA 2003)(suggest-ing that a state’s allegation that defense counsel could not be reached is sufficient to warrant an evidentiary hearing).
Accordingly, belated appeal is granted.
STONE, KLEIN and SHAHOOD, JJ., concur.