PER CURIAM.
 

 ORDER ON PETITION SEEKING BELATED APPEAL
 

 Elwood Staley petitions for a belated appeal of a judgment and sentence of the Washington County Circuit Court. He alleges in his sworn petition that he relied on his trial counsel’s assurances that a timely notice of appeal would be filed, only to discover after the time had expired for seeking review that an appeal had not been initiated. We take this opportunity to outline the procedure the court will now follow in instances such as this, where a petition for belated appeal presents a facially sufficient claim for relief grounded on the alleged ineffectiveness of trial counsel.
 
 [1]
 

 Until now, when a petition seeking belated appeal was found to materially comply with the procedural requirements of Florida Rule of Appellate Procedure 9.141(c) and substantively stated a preliminary basis for relief, our uniform practice was to issue an order directing
 
 *780
 
 the Attorney General to show cause why the petition should not be granted. That procedure has proven to be efficient in circumstances where the claim relates to a matter apparent from the record or where the claim does not involve issues directly related to the proceedings in the lower tribunal or its participants, and we intend to continue to utilize it in cases of that sort.
 
 [2]
 

 On the other hand, this process is not particularly efficient or economical in the more common situation in which it is alleged that the fault for failing to timely appeal is attributable to some act or omission on the part of trial counsel. Where those allegations are facially sufficient to demonstrate an entitlement to relief, the state is obligated to show the existence of a good-faith basis for disputing petitioner’s factual allegations before an evidentiary hearing will be ordered.
 
 See Schubert v. State,
 
 737 So.2d 1102 (Fla. 1st DCA 1998). Thus, the process we have employed to date required the Attorney General’s staff to contact defense counsel who might be distantly situated and with whom it has little or no prior professional relationship. These obstacles of distance and unfamiliarity, which in most cases would not similarly hinder the local State Attorney, often delayed a determination of whether the state could show a good-faith basis to dispute the claim. Only after such a showing was made by the Attorney General would we relinquish jurisdiction to the lower tribunal to conduct an evidentiary hearing and issue a report and recommendation.
 

 Recognizing that, as applied to cases of this sort, our current procedure may result in unnecessary difficulties and delays in resolving these relatively simple claims, we have elected to revise that procedure to streamline and simplify the disposition of these cases. Henceforth, when we determine that a petition for belated appeal grounded on the alleged actions or inactions of trial counsel is legally sufficient, we will at that point relinquish jurisdiction to the lower tribunal for the purpose of appointing a special master to issue an order to show cause directed to the State Attorney,
 
 [3]
 
 conduct an evidentia-ry hearing if warranted by the state’s response, and issue an appropriate report and recommendation concerning the petitioner’s entitlement to a belated appeal. We anticipate that this course of action will minimize needless delays by immediately involving in the fact-gathering process the participants in the underlying proceedings, and our expectation is that, absent some extraordinary circumstances, necessary proceedings can be conducted and a report and recommendation issued within 60 days. In most cases, prosecutors and defense counsel in the trial court will enjoy some level of professional familiarity and rapport, which we trust will simplify and speed the process of determining whether a good-faith basis exists to dispute the factual allegations on which the claim for belated appeal is based. If
 
 *781
 
 no such dispute exists, the state can promptly make that known, and an appropriate report and recommendation can be forwarded to this court. .
 

 On the other hand, if the need for an evidentiary hearing is shown, the special master will be in the best position to manage the logistics of conducting such a hearing and producing a timely report and recommendation. Because local practices and customs differ in the six judicial circuits under our jurisdiction, our intent is to permit the lower tribunal significant discretion in fashioning the particular means by which the proceedings below are conducted, provided those means recognize and protect the due process interests of the parties.
 

 Accordingly, and in light of our determination that the particular petition in this case states a preliminary basis for relief, jurisdiction is hereby relinquished to the trial court for a period of 60 days. A copy of the petition seeking belated appeal is provided to the trial court as an attachment to our order, and the Chief Circuit Judge is requested to appoint a special master to serve as a commissioner of this court for the purpose of directing the state to show cause why the petition should not be granted, conducting an evidentiary hearing if deemed warranted pursuant to
 
 Schubert,
 
 and issuing a report and recommendation setting forth findings of fact and conclusions of law regarding petitioner’s entitlement to a belated appeal in Washington County Circuit Court case number 06-000221-CF-MA. The report and recommendation shall be issued no later than 60 days from the date hereof, and copies shall be served on the clerk of this court, the petitioner, the State Attorney, and the Attorney General. Any party adversely affected by the special master’s conclusion may file a response within 10 days following service of the report and recommendation and the other party may reply within 10 days of service of the response. The court will thereafter issue its order determining whether petitioner is entitled to a belated appeal.
 

 HAWKES, C.J., PADOVANO and ROBERTS, JJ., concur.
 

 [1]
 

 . On a case-by-case basis, this new procedure also may be found to be the most suitable means for resolving claims grounded on other, less common theories.
 

 [2]
 

 . Examples of the former circumstance include situations where it is alleged that the trial court failed to comply with its obligation under the Florida Rules of Criminal Procedure to inform the defendant of his or her appellate rights. The latter scenario includes, for example, an allegation by an incarcerated defendant entitled to the benefit of the "mailbox rule” that he timely mailed a notice of appeal from his place of confinement, but the notice did not reach the lower tribunal for reasons not attributable to him.
 

 [3]
 

 . Florida Rule of Appellate Procedure 9.141(c)(5)(A) requires that a copy of the petition seeking belated appeal be served on the appropriate State Attorney, thus ensuring that the Office of the State Attorney will be on adequate notice of the claim it is being directed to address.