ON MOTION TO DISQUALIFY APPELLATE COUNSEL
PER CURIAM.
This is an appeal of a money judgment entered on summary judgment in favor of appellee Southeast Toyota Distributers (Toyota). Appellant ATC Logistics Corporation is represented in this appeal by Joseph T. Kissane and Daniel R. Duello of Cole, Scott & Kissane, PA. (CSK). After CSK filed the initial brief, Toyota moved to disqualify Paula Parker and CSK as counsel for appellant. We grant the motion, writing to explain our decision and the procedure we used to aid in our disposition of the motion.
In its motion to disqualify, Toyota represented that before becoming associated with CSK, Ms. Parker represented Toyota in the proceedings below; specifically, she drafted and filed the motion for summary judgment that is the subject of this appeal. Toyota argued that under Rule 4-1.9, Rules Regulating the Florida Bar, ■ Ms. Parker should be: disqualified from representing Appellant in the.same matter in which she previously represented Toyota, and under Rule 4-1.10, Rules Regulating the Florida Bar, CSK should be disqualified due to its association with Ms. Parker. Toyota represented that it had notified Ms. Parker and CSK that it was not willing to waive the conflict of interest.
Appellant filed a response in opposition to the motion, arguing that Toyota had not submitted any affidavits, verified pleadings, or other record evidence to show that Ms. Parker acquired confidential information during her prior representation of Toyota. Appellant submitted an affidavit of Ms. Parker in which she averred that she was not aware of being a part of any attorney-client communications. However, because Appellant did not dispute that Ms. Parker was involved in drafting the motion for summary judgment that is at issue in this appeal, we relinquished jurisdiction to the trial court to consider the motion and provide us a report and recommendation on the merits of the motion.
We modeled our decision to relinquish jurisdiction in part on Bellomo v. Gagliano, 792 So.2d 1285 (Fla. 5th DCA 2001), where the Fifth District relinquished jurisdiction to the trial court to hear and determine the merits of a motion to disqualify appellate counsel. In that case, petitioners challenged an order denying their amended motion to dismiss a petition for paternity. They moved to disqualify respondent’s counsel because one petitioner had previously consulted with counsel regarding her rights and responsibilities in a proceeding for dissolution of marriage and had disclosed information she alleged could be prejudicial. Respondent did not dispute the consultation but argued the two matters were not substantially related and that the consultation did not include any discussion' of a prospective pregnancy. The Fifth District decided to relinquish jurisdiction because the merits of the motion appeared to depend on disputed facts, noting that review of the trial court’s decision on the motion was available “[u]pon application.” Id. at 1286.
*294 As in Bellomo, we determined that relinquishment of jurisdiction was appropriate here because the merits of Toyota’s motion to disqualify appeared to depend on disputed facts, namely, whether Ms. Parker acquired confidential information during her prior representation of Toyota that is protected by the Rules Regulating the Florida Bar. However, because the motion to disqualify counsel was filed in this court and seeks to disqualify appellate counsel, we decided that we should ultimately determine its merits, not the trial court. Accordingly, we requested that the trial court provide us a report and recommendation on the merits of the motion. Cf. Staley v. State, 12 So.3d 778 (Fla. 1st DCA 2009) (explaining this court’s policy with petitions for belated appeal that depend on disputed factual allegations, concerning trial counsel’s actions: we relinquish jurisdiction to the trial court for the purpose of appointing a special master to issue an order to show cause, conduct an evidentiary hearing if warranted by the response, and issue an appropriate report and recommendation concerning the petitioner’s entitlement to a belated appeal).
After we relinquished jurisdiction, Judge James Daniel held an evidentiary hearing on the motion and considered argument of counsel, and provided us with an excellent, thorough report. The parties were afforded an opportunity to file responses to the report, and we have given due consideration to the response in opposition filed by Appellant.
In his report, Judge Daniel made extensive factual findings, including:
• The underlying case began as a personal injury action, but Toyota filed a third-party claim for contractual indemnity against Appellant. Summary judgment was entered in favor of Toyota in April of 2014, with final judgment entered against Appellant in September of 2014.
• Toyota was represented by Dennis Dore, a partner in the firm of Kelley Kronenberg. Ms. Parker was an associate at Kelley Kronenberg, where she worked with Mr. Dore and received confidential information related to this case.
• Ms. Parker began work at CSK in August of 2014, before CSK was asked to handle the appeal.
• Ms. Parker worked on Toyota’s claim against Appellant while employed with Kelley Kronenberg, and her time sheets show she had extensive involvement with the summary judgment motion that is the subject.of this appeal:
• She drafted it for Mr. Dore’s review and her name was below his in the signature block.
• She discussed legal strategy with Mr. Dore and provided an analysis of the legal issues; moreover, she had access to the analysis that Mr. Dore provided to Toyota, but cannot recall if she actually looked at it.
• She communicated on the general status of the summary judgment motion with representatives for Toyota, its insurance carrier Hartford, and the third party administrator handling the claim for Hartford.
• CSK took affirmative steps to isolate Ms. Parker from involvement in the case (including limiting her access to the appellate file and storing it to guard against her being accidentally exposed to it) and the parties stipulated that Ms. Parker has had no involvement with this appeal since her employment with CSK and that she has not disclosed any confidential information.
*295 All of these findings are supported by competent substantial evidence, and based on these findings, Judge Daniel correctly concluded that Rule 4-1.10(b) controls the disposition of Toyota’s motion to disqualify Ms. Parker and CSK. That rule provides:
When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter in which that lawyer, or a firm with which the lawyer was associated, has previously represented a client whose interests are materially adverse to that person and about whom the lawyer had acquired information protected by rules 4-1.6 and 4-1.9(b) and (c) that is material to the matter.
The Third District has explained the proper application of this rule:
In cases involving a direct attorney-client relationship, the courts have recognized an irrefutable presumption that confidences were disclosed. [But in the case of] vicarious disqualification under rule 4-1.10(b) ... [t]here must be a showing that the newly associated attorney acquired confidential information during his prior representation. After the moving party meets its burden of establishing a prima facie case for disqualification by such a showing, the burden then shifts. The firm whose disqualification is sought must then demonstrate that their new associate has no actual knowledge of any confidential information material to the case.
Gaton v. Health Coalition, Inc., 745 So.2d 510, 511 (Fla. 3d DCA 1999).
Appellant contends that Toyota did not meet its burden to establish a prima facie case because Ms. Parker did not acquire confidential information that is' material to the issues in this appeal. We disagree. As our sister court has explained:
The scope of information protected by Rule 4-1.10(b) is broad. The rule requires disqualification when a lawyer acquired information “protected by rules 4-1.6 and 4-1.9(b).” Rule 4-1.6(a) states the géneral rule that a “lawyer shall not reveal information relating to representation of a client,” subject to the exceptions set forth in the rule; rule 4-1.9(b) provides that a lawyer who formerly represented a client shall not thereafter “use information relating to the representation to the disadvantage of the former client except as' rule 4-1.6 would permit ... or when the information has become generally known.” (Emphasis supplied). A lawyer’s work product on a case is protected as “information relating to the representation.”
Koulisis v. Rivers, 730 So.2d 289, 292 (Fla. 4th DCA 1999).
Here, Judge Daniel found that Ms. Parker discussed legal strategy with Mr. Dore, analyzed the legal issues involved, and actually drafted the summary judgment motion for Mr. Dore’s review. Clearly, as part of this work, Ms. Parker was privy to the work product of Mr. Dore — who represents Toyota in this appeal — and this work product is information relating to the representation of Toyota. This was sufficient to show that Ms. Parker acquired confidential information. Accordingly, Appellant had the burden to show that Ms. Parker had no actual knowledge of any confidential information material to the case.
Appellant argues that although Ms. Parker may have obtained work product information in the form of strategy discussions regarding the motion for summary judgment, these discussions were only related to the argument that was actually put onto paper in the motion. Therefore, since the arguments were later written in the mo *296 tion for summary judgment, any information Ms. Parker acquired is now public knowledge, and any competent lawyer could review the case law and the publieally available documents relied upon in the motion for summary judgment and come to the same conclusions regarding the relative strengths and weaknesses of Toyota’s arguments.
We cannot agree with this argument. Surely Ms. Parker and Mr. Dore discussed more than the arguments actually written in the motion for summary judgment, and Ms. Parker’s testimony does not necessarily support Appellant’s position that they did not. While any lawyer may be able to attempt to determine the relative strengths and weaknesses of Toyota’s case, Ms. Parker and Mr. Dore actually discussed the strengths and weaknesses of Toyota’s case. As Judge Daniel found, this information could certainly be used against Toyota at this stage of the proceedings. See Rombola v. Botchey, 149 So.3d 1138, 1144 (Fla. 1st DCA 2014) (“[0]ftentimes it is what is not in the record that is critical in making strategic decisions. Information shared in confidential after-hours trial preparation sessions — that unveil litigation strategies and test their strengths and weaknesses — is oftentimes far more potentially harmful if disclosed to adversaries (or used against a former client) than what is in the record.”).
Disqualification of a party’s attorney is ‘“an extraordinary remedy and should be granted sparingly.’ ” Anderson Trucking Serv., Inc. v. Gibson, 884 So.2d 1046, 1049 (Fla. 5th DCA 2004) (quoting Cunningham v. Appel, 831 So.2d 214, 215 (Fla. 5th DCA 2002)). But because Ms. Parker acquired material that is protected by Rules 4-1.6 and 4 — 1.9(b) and (c), and this information is material to the appeal, under Rule 4-1.10(b), CSK cannot represent Appellant in this appeal.
Accordingly, for the reasons stated above, we grant Toyota’s motion to disqualify Ms. Parker and CSK from representing Appellant in this appeal, and by separate order, we struck the initial brief filed by CSK on behalf of Appellant and directed Appellant to file an amended initial brief upon obtaining new counsel.
MOTION GRANTED.
WOLF, WETHERELL, and BILBREY, JJ., concur.