# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D19-1010

_____

TROY LAMAR PELHAM,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

_____

Petition for Belated Appeal—Original Jurisdiction.

September 25, 2019

PER CURIAM.

Troy Lamar Pelham, seeks a belated appeal of a judgment and sentence rendered on February 4, 2019. Pelham's trial counsel filed the petition, alleging that on March 15, 2019, she received a letter from Pelham, dated February 14, 2019, requesting an appeal be filed on his behalf. At the time the letter was allegedly sent, Pelham was incarcerated at the Santa Rosa County Jail.

Because there was not enough information in the petition to verify whether Pelham timely sent the letter requesting an appeal be filed, we issued an order, pursuant to *Staley v. State*, 12 So. 3d 778 (Fla. 1st DCA 2009), relinquishing jurisdiction for appointment of a special master for the purpose of issuing an order to show cause directed to the State Attorney, conducting an evidentiary hearing if warranted by the State's response, and

issuing a written report and recommendation concerning Pelham's entitlement to a belated appeal.

A special master was appointed and directed the State to show cause why Pelham should not receive a belated appeal. The State responded that it has no objection to the petition being granted. Based on that position, the special master found that the State Attorney "indicat[ed] that it had no objection to the [petition] being granted." For that reason the special master declined to hold an evidentiary hearing and issued the report recommending the belated appeal be granted.

This Court's appellate jurisdiction is invoked by a notice of appeal within 30 days of rendition of the order to be reviewed. Fla. R. App. P. 9.110(b). The failure to file a timely appeal deprives this Court of jurisdiction. *See David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co.*, 972 So. 2d 275, 278 (Fla. 2d DCA 2008) (quoting *First Nat'l Bank in Fort Myers v. Fla. Unemployment Appeals Comm'n*, 461 So. 2d 208, 208 (Fla. 1st DCA 1984)) (noting that failure to file a timely notice of appeal "constitutes an irremediable jurisdictional defect").

We can only permit an appeal in a criminal case outside of time permitted in rule 9.110(b) by granting a petition for belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c). Rule 9.141(c)(4)(F) sets forth specific bases that must be alleged to support a belated appeal.

This is why we employ the procedures set forth in *Staley*. This Court relinquished jurisdiction to the trial court so it could ascertain whether Pelham's petition satisfied the requirements of rule 9.141(c) and if the State had any objection to the facts alleged in the petition in order for this Court to exercise its independent duty to determine if it had jurisdiction. The State, however, cannot consent to our jurisdiction over Pelham's appeal. *See Wade v. Fla. Dep't of Children & Families*, 57 So. 3d 869, 870 (Fla. 1st DCA 2011); *see also* Philip J. Padovano, *Fla. Appellate Practice,* § 1.5 (2018 ed.) (noting that "[t]he appellate court has an independent duty to determine the existence of jurisdiction in every case and to dismiss a case that is not within its jurisdiction"). For this reason, it is generally insufficient for a special master to recommend a

2

belated appeal based simply on its finding the State does not object to the petition.

Certainly, a special master can look at the pertinent facts and conclude that the lack of State's objection is an admission to the facts as alleged in a defendant's petition. A special master, however, should make this determination evident in its report and recommendation. The State's response here stated that "based upon the sworn representations of opposing counsel in the Amended Petition for Belated Appeal, the State does not object to the Court granting [Pelham] a belated appeal." In this case, we construe the lack of objection as an admission of the allegations in the petition.

We, therefore, grant Pelham's petition for belated appeal. Pelham shall be allowed a belated appeal from the judgment and sentence in Santa Rosa County Circuit Court case number 2017-CF-0171. A copy of this opinion shall be provided to the clerk of the circuit court for treatment as the notice of appeal. *See* Fla. R. App. P. 9.141(c)(6)(D). If Pelham qualifies for appointed counsel, the trial court shall appoint counsel to represent Pelham on appeal.

GRANTED.

RAY, C.J., and BILBREY and WINOKUR, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Bruce A. Miller, Public Defender, and Julie M. Edwards, Assistant Public Defender, Milton, for Petitioner.

Ashley Moody, Attorney General, Tallahassee; William Eddins, State Attorney, and Patrick King, Assistant State Attorney, Milton, for Respondent.