618 So.2d 377 (1993)
Steven A. RIVET, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2024.
District Court of Appeal of Florida, Fifth District.
May 28, 1993.
*378 Albert C. Penson of Hilton, Hilton, Kolk & Penson, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Barbara Arlene Fink, Asst. Atty. Gen., Daytona Beach, for appellee.
PETERSON, Judge.
Steven A. Rivet appeals an order striking his motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. Rule 3.850(b), Florida Rules of Criminal Procedure, provides that no motion, other than a "motion to vacate a sentence that exceeds the limits provided by law ... shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final ..." except under limited circumstances. The issue raised is whether, after expiration of the two-year period, an appellant may file an amendment to the motion in order to cure a deficient supporting affidavit[1] when the original motion was filed timely. We reverse and remand for consideration of the 3.850 motion on its merits.
Rivet's original motion contained a certificate of service, but no oath. Rivet subsequently filed a deficient verification under oath in which he stated only that he was the defendant named in the motion and that he had read it and was familiar with its contents.[2] The state sought dismissal because of the deficiency and urged that any attempt to cure would be untimely since the two-year limitations period had expired subsequent to the filing of the deficient verification. Rivet then filed a properly executed affidavit, but the trial court struck the 3.850 motion based upon the deficiency in the verification. No mention of the last properly executed affidavit was made in the order of dismissal. We do not know whether this last filed affidavit was considered prior to the dismissal on July 20, 1992, but it was filed in the trial court on June 26, 1992, and was available for consideration prior to dismissal.
An untimely 3.850 motion cannot invoke the jurisdiction of the trial court in the absence of an exception to the limitations period. See, e.g., Johnson v. State, 536 So.2d 1009 (Fla. 1988). However, a timely motion may be amended after expiration of the limitations period. In Rozier v. State, 603 So.2d 120 (Fla. 5th DCA 1992), the defendant filed a timely 3.850 motion but failed to include a crucial affidavit supporting the defendant's claim for relief. The defendant immediately moved to amend or supplement the motion, but the two-year limit for seeking relief had expired, and the trial court denied the motion. This court reversed, noting that, although rule 3.850 requires that a motion be filed within two years, there is no bar to filing relevant supplemental documentation within a reasonable time after expiration of the two years if the original, deficient motion was filed timely. In so holding, this court relied upon Brown v. State, 596 So.2d 1026 (Fla. 1992). In Brown, the supreme court held that the two-year limitations period does not preclude the enlargement of issues raised in a timely 3.850 motion.
Most 3.850 motions are prepared and filed by prisoners without aid of counsel. The model form promulgated by rule 3.987 was designed to be used in proceedings held in the prisoner's absence. To deny consideration of the substantive issues presented in a 3.850 motion because of a technical defect that is cured before the *379 court has considered the state's motion to dismiss or strike is an over-technical application of the rule. We hold that a timely 3.850 motion may be amended or supplemented to cure a deficient oath at any time prior to a hearing on the 3.850 motion or prior to the trial court's consideration of a motion directing the court's attention to the deficiency even though the amendment or supplement is untimely.
REVERSED; REMANDED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] Rule 3.850 requires the motion to be under oath. A model form of the motion, together with the language to be used in complying with the requirements of the oath, has been set forth in rule 3.987, Florida Rules of Criminal Procedure since 1978.
[2] Rivet failed to follow the requirements of rule 3.987 to state under oath that he has personal knowledge of the facts and matters and that they are true and correct.