640 So.2d 1227 (1994)
James MORAIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-02135.
District Court of Appeal of Florida, Second District.
August 10, 1994.
PER CURIAM.
James Morais appeals the dismissal of his motion for postconviction relief filed *1228 pursuant to Florida Rule of Criminal Procedure 3.850. The trial court found that the motion was not properly sworn and thus could not be considered, and dismissed the motion without prejudice to Morais to refile a sworn motion. Such a dismissal is mandated by State v. Shearer, 628 So.2d 1102 (Fla. 1993), in order to protect against perjury and ensure compliance with the oath requirement attendant to a motion to vacate, set aside, or correct sentence. Although not treated in the trial court's order, we find that the memorandum of law submitted to the trial court together with the motion also was not properly submitted under oath. See Gorham v. State, 494 So.2d 211 (Fla. 1986).
We, accordingly, affirm the trial court's order of dismissal, but do so without prejudice to the appellant's refiling of the motion and memorandum of law with the proper oath. See, e.g., Miller v. State, 617 So.2d 332 (Fla. 2d DCA 1993). Such refiling, if done merely to correct the technical defects noted herein, will not be subject to dismissal based upon expiration of the two-year time limitation. Miller v. State, 617 So.2d 332 (Fla. 2d DCA 1993); Rivet v. State, 618 So.2d 377 (Fla. 5th DCA 1993).
SCHOONOVER, A.C.J., and HALL and BLUE, JJ., concur.