PER CURIAM.
Louis Lee Daniels timely filed a motion seeking relief pursuant to Florida Rule of Criminal Procedure 3.850 on June 21, 1995. However, Daniels’ motion did not contain a proper oath, which the trial court noted in its October 9, 1995, order that dismissed the motion “without prejudice in which to file a postconviction motion in compliance with the Florida Rules of Criminal Procedure.”
On October 27, 1995, Daniels placed in the prison mail a motion identical to his June 21, 1995, motion except for the addition of the required oath. On January 2, 1996, the trial court dismissed Daniels’ motion with prejudice because the trial court found that the two-year time limit for filing a Rule 3.850 motion expired on October 18, 1995. The trial court’s order found Daniels’ motion to be untimely because the “ruling on the original motion was filed before the two-year time period ended, giving defendant time to refile his motion in a timely fashion.”
Daniels promptly filed his motion in response to the trial court’s order and the only change from his timely-filed motion was the correction of the technical defect specifically noted in the order. Such refiling is not subject to dismissal based upon the expiration of the two-year time limitation. Morais v. State, 640 So.2d 1227, 1228 (Fla. 2d DCA 1994). Submission of the corrected motion within thirty days of the order is clearly a prompt refiling under the circumstances. See Haughbrook v. State, 658 So.2d 639, 640 (Fla. 2d DCA 1995); Miller v. State, 617 So.2d 332, 333 (Fla. 2d DCA 1993). Accordingly, we reverse the order of dismissal and remand for the trial court to rule on the merits of the motion.
Reversed and remanded.
SCHOONOVER, A.C.J., and BLUE and FULMER, JJ., concur.