686 So.2d 699 (1996)
Timothy THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3008.
District Court of Appeal of Florida, Fourth District.
December 26, 1996.
*700 Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Appellant, who is represented by counsel on appeal, filed a pro se motion to withdraw his plea, claiming that the plea was involuntary because it was "based upon incorrect and misleading advice as to the consequences of entering" the plea. The trial court treated appellant's motion as a motion to vacate under rule 3.850 and then denied the motion as being legally insufficient for failure to comply with rule 3.850(c)(3) and (4). These subsections of the rule require that the motion include whether a previous post-conviction motion was filed and, if so, the reason that the claim in the present motion was not raised in the former motion.
We disagree with appellant's argument that the trial court should have considered the merits of the motion despite appellant's noncompliance with these subsections of rule 3.850. Compare Kendall v. State, 619 So.2d 515 (Fla. 4th DCA 1993) (failure of notary section of motion to comport with technical requirements of notary statute not basis for summary denial of 3.850 relief) with Brown v. State, 661 So.2d 95 (Fla. 4th DCA 1995) (trial court properly denied motion as legally insufficient where it neither was under oath nor included requisite contents of rule 3.850(c)), review denied, 668 So.2d 602 (Fla. 1996). We agree, however, that the trial court's order of dismissal should have been with leave to file an amended motion conforming to the requirements of rule 3.850(c). See Brown; Burns v. State, 651 So.2d 813 (Fla. 5th DCA 1995); Williams v. State, 580 So.2d 624 (Fla. 1st DCA 1991).
Accordingly, we affirm the trial court's order of dismissal. Because the allegations contained in appellant's motion are otherwise legally sufficient, our affirmance is without prejudice to appellant's refiling his motion for post-conviction relief in compliance with the requirements of rule 3.850(c) within thirty days of this court's mandate. See Goff v. State, 673 So.2d 990 (Fla. 4th DCA 1996); Reese v. State, 518 So.2d 473 (Fla. 4th DCA 1988); Morais v. State, 640 So.2d 1227 (Fla. 2d DCA 1994).
STEVENSON and SHAHOOD, JJ., concur.