PER CURIAM.
Daniel Kevin Teal appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm. Teal pleaded guilty to multiple felonies on October 31, 1996, and was sentenced to a probationary period. He was subsequently found guilty of violating his probation. His probation was revoked and he was sentenced to prison on May 21,1998.
Teal filed a motion for postconviction relief on October 30, 1998, attacking both his original plea and the revocation of probation. On December 23, 1998, he filed another motion realleging the same claims as to the original plea and adding additional claims relating to the revocation of probation. The trial court inexplicably denied the claims relating to his original plea as untimely. Teal’s motion filed on October 30, 1998, is clearly timely on its face as to the October 31, 1996, judgment. See rule 3.850(b). Even assuming that the December 23, 1998, motion was untimely as to Teal’s original plea,[1] that does not his render his prior timely motion untimely.
*355 Ordinarily this error would require reversal. In the interest of judicial economy, however, we reviewed the merits of Teal’s claims relating to his original plea and find them to be facially insufficient. We, therefore, affirm the trial court’s denial as to those claims. We affirm the remainder of trial court’s order without discussion.
Affirmed.
THREADGILL, A.C.J., and PARKER and SALCINES, JJ., Concur.

. A review of the record provided to this court reveals that Teal filed his first motion for postconviction relief in July 1998. Before the trial court had ruled on it, he filed the October 30, 1998, motion. The trial court apparently reviewed both motions and deter *355 mined that the July motion was not sworn. The court properly dismissed it but allowed Teal thirty days in which to supplement the October motion with the grounds raised in the procedurally deficient July motion. Teal apparently responded by filing the December motion. To the extent that the December motion realleged claims made in the July motion, it should have been considered as timely filed as to the October 31, 1996, judgment. See Morais v. State, 640 So.2d 1227 (Fla. 2d DCA 1994).