763 So.2d 1213 (2000)
Howard C. HICKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-1975.
District Court of Appeal of Florida, First District.
May 22, 2000.
Appellant, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We reverse the order on appeal, which dismissed with prejudice appellant's pro se motion filed pursuant to Florida Rule of Criminal Procedure 3.850.
The Florida Supreme Court has held that failure to meet the oath requirement of Florida Rule of Criminal Procedure 3.850 warrants dismissal without prejudice. See Anderson v. State, 627 So.2d 1170 (Fla.1993). Appellant filed his motion three days before the two-year limitation *1214 period for filing such motions expired. Any amended motion, filed to cure the procedural defect, would have been untimely. This Court has never directly addressed whether a movant should be permitted to file an amended motion to cure such a defect, when the refiling would be beyond the two-year limitation.
Both the Fifth and Second District Courts of Appeal have addressed this particular situation. Both courts have held that under such circumstances, the motion should be dismissed without prejudice and the movant permitted to file a procedurally sufficient amended motion. See Rivet v. State, 618 So.2d 377 (Fla. 5th DCA 1993); Morais v. State, 640 So.2d 1227 (Fla. 2d DCA 1994). The Second District has specifically permitted the movant 30 days within which to refile. See Haughbrook v. State, 658 So.2d 639 (Fla. 2d DCA 1995).
In other cases, this court has given parties a short period of time to file a procedurally conforming motion, where the original motion was timely filed. See Barfield v. State, 671 So.2d 820 (Fla. 1st DCA 1996); Melton v. State, 720 So.2d 577 (Fla. 1st DCA 1998).
We believe movant should be given a short, specific period of time beyond the limitation period to cure the procedural defect. Accordingly, we reverse the order on appeal and remand the matter to the trial court. Appellant shall have 30 days from the date of this court's mandate within which to file an amended motion which complies with Rule 3.850.
REVERSED.
ERVIN, VAN NORTWICK and BROWNING, JJ., CONCUR.