HAZOURI, J.
Lee Black appeals from an order summarily denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse and remand in part.
Appellant was convicted of armed kidnapping, armed robbery, armed burglary of a structure, armed false imprisonment and grand theft auto. He was declared a habitual felony offender and was sentenced to life in prison for the armed kidnapping and armed robbery, to 30 years in prison for the false imprisonment and to 10 years for the grand theft auto, with all terms running concurrently. He filed a direct appeal to this court, which affirmed in Black v. State, 719 So.2d 910 (Fla. 4th DCA 1998). He then filed the subject motion for post-conviction relief alleging some eight grounds for relief. The trial court summarily denied relief on all eight grounds. We find that two of the eight grounds were legally and factually suffi *584 cient, and that the trial court erred in summarily denying them. In particular, we find sufficient appellant’s claims of ineffective assistance of trial counsel for failure to object to the trial court’s 30-minute time limitation to voir dire, and ineffective assistance of counsel for failure to exercise peremptory strikes of certain prospective jurors for bias based on their statements and previous experience as victims of crimes similar to those being charged in this case.
Florida Rule of Criminal Procedure 3.300(b) provides for a reasonable voir dire examination of prospective jurors by counsel. While the trial court has discretion in setting time limitations on voir dire, such restrictions have been deemed to be an abuse of discretion in certain circumstances. See, e.g., O’Hara v. State, 642 So.2d 592 (Fla. 4th DCA 1994). Here, appellant’s trial counsel apologized to appellant for not having had adequate time to question certain jurors who had stated that they had been the victim of the same or similar crimes as those charged in this case, but counsel made no objection to the time limit in the trial court. This supports appellant’s claim of ineffective assistance of trial counsel for failing to object to the time restriction imposed for voir dire.
Also sufficient was appellant’s claim that he was denied effective assistance of trial counsel for failure to exercise peremptory challenges to certain jurors. One of the jurors had admitted during voir dire that she was biased against criminals, had watched too many accounts on television of guilty persons who were not prosecuted, and had been a victim of the same types of crimes as charged in this case. Another juror was said to have been a victim of the same or similar types of crimes as charged here. The State response, which the trial court accepted, argued that whether to strike particular jurors was an area of trial strategy. However, such a ruling is generally inappropriate without an evidentiary hearing. Griggs v. State, 744 So.2d 1145 (Fla. 4th DCA 1999).
We affirm as to appellant’s other grounds, but reverse as to these two grounds, and remand for either an eviden-tiary hearing or the attachment of portions of the record which conclusively refute appellant’s claims.
FARMER, J., concurs.
STONE, J., concurs specially with opinion.