816 So.2d 199 (2002)
Alvin BROOKS, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D00-2694.
District Court of Appeal of Florida, First District.
May 7, 2002.
Petitioner pro se.
Robert A. Butterworth, Attorney General; Daniel A. David and Bryan Jordan, Assistant Attorneys General, Tallahassee, for Respondent.

EN BANC
WEBSTER, J.
Petitioner seeks a belated appeal of his judgment and sentence, pursuant to what is now Florida Rule of Appellate Procedure 9.141(c) (and prior to January 1, 2001, was rule 9.140(j)). In his petition, petitioner alleged only that at the time his sentence was imposed, the trial court advised him of his right to appeal; that he told his attorney he wanted to appeal; and that he did not learn that no appeal had been filed until after the time for doing so had passed. The state attached to its response to our order to show cause an affidavit from petitioner's trial attorney, in which the attorney denied that petitioner had requested that he file a notice of appeal. As is our practice in such cases, see, e.g., Schubert v. State, 737 So.2d 1102 (Fla. 1st DCA 1998), we relinquished jurisdiction to the trial court, directing the chief judge to appoint a special master to receive evidence and then make a finding regarding the factual dispute. Following an evidentiary hearing, the special master found that petitioner had not timely requested that his attorney file a notice of appeal. That finding is supported by competent substantial evidence. As no other issue was raised by the petition, we deny it. See Fla. R.App. P. 9.141(c)(3)(F) (requiring that a petition seeking a belated appeal recite in the statement of facts "the specific acts ... that constitute the alleged ... basis for entitlement to belated appeal").
PETITION FOR BELATED APPEAL DENIED.
ALLEN, C.J., BOOTH, BARFIELD, MINER, WOLF, KAHN, DAVIS, VAN NORTWICK, PADOVANO, LEWIS and POLSTON, JJ., concur; BENTON, J., concurs in part and dissents in part with written opinion; BROWNING, J., concurs in part and dissents in part with written opinion; ERVIN, J., dissents with written opinion.
BENTON, J., concurring in part and dissenting in part.
While Alvin Brooks' petition was technically inadequate to state a claim under Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. *200 1029, 145 L.Ed.2d 985 (2000), I would not deny it without granting him leave to file a petition that does allege a claim under the Flores-Ortega decision within thirty days. Otherwise, what a circuit judge has already treated as a viable claim for belated appeal of a conviction predicated on a jury verdict will presumably be time barred. See Fla. R.App. P. 9.141(c)(4)(A) (providing that a "petition for belated appeal shall not [ordinarily] be filed more than 2 years after the expiration of time for filing the notice of appeal from a final order"). The judgment and sentence of which petitioner seeks review were rendered on October 26, 1999.
In response to the petition for belated appeal Alvin Brooks originally filed, this court entered an order to show cause on July 18, 2000, requiring him to file and serve an amended petition within fifteen days specifying when he had asked trial counsel to take an appeal. By providing that failure to comply timely might result in dismissal, the order to show cause entered on July 18, 2000 implied a necessity to plead a request on petitioner's part, regardless of other circumstances, in order to be entitled to a belated appeal.
Thereafter, petitioner filed an amended petition alleging this theory. By order entered October 18, 2000, citing Schubert v. State, 737 So.2d 1102 (Fla. 1st DCA 1998), this court asked the chief judge of the eighth judicial circuit to appoint a special master to serve as commissioner, conduct a hearing and make findings and conclusions "regarding petitioner's entitlement to a belated appeal."
Appointed special master, the Hon. Martha Ann Lott conducted an evidentiary hearing and filed Findings of Fact and Law on December 12, 2000, reciting the substance of Brooks' testimony that he asked defense counsel to take an appeal, and defense counsel's testimony to the contrary, as follows:
6. Under the defendant's version of the facts, the attorney failed to file a notice of appeal when instructed.
7. Under the attorney's version of the facts, the attorney failed to discuss the right to appeal and the potential merits of any possible appeal with the defendant.
8. This court does not make any finding resolving the conflict in the testimony because under either set of facts, the defendant is entitled to a belated appeal as a matter of law based upon the obligation of counsel to confer with the defendant regarding his right to appeal and to protect the right of the defendant to appeal unless those rights are affirmatively waived.
On February 21, 2001, after receiving the special master's report and the state's response, this court relinquished jurisdiction "for the special master to issue a supplemental report resolving the factual issue concerning petitioner's entitlement to a belated appeal."
On March 23, 2001, Amended Findings of Fact and Law dated two days earlier were filed with this court, finding that Brooks never affirmatively waived his right to appeal and that Brooks never discussed the pros and cons of an appeal with his trial lawyer. (The latter finding at least seems to be based solely on defense counsel's testimony that he had no recollection.)
On May 2, 2001, this court again relinquished jurisdiction so the trial court could resolve "the factual dispute of whether petitioner timely requested that trial counsel file a notice of appeal." On June 4, 2001, the special master's Second Amended Findings of Fact and Law dated May 31, 2001, were filed with this court, and today's decision is the result.
*201 Perhaps implicit in the majority opinion is the view that the special master's findings set out above ought not control, because the state was not on notice, before the only evidentiary hearing that took place, that the petitioner was relying on or that the court was considering Flores-Ortega. I share the view that the state was entitled to adequate notice so the matter could be litigated fairly and all concerned could have confidence in the results. The special master did not, moreover, explicitly state "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, [petitioner] would have timely appealed." Flores-Ortega, 528 U.S. at 484, 120 S.Ct. 1029.
But, in the circumstances of the present case, denial of the petition on account of a pleading deficiency ought not foreclose all possibility of relief. See generally Brown v. State, 802 So.2d 526, 527-28 (Fla. 1st DCA 2001); Hickey v. State, 763 So.2d 1213, 1214 (Fla. 1st DCA 2000) ("We believe movant should be given a short, specific period of time beyond the limitation period to cure the procedural defect."); Brown v. State, 689 So.2d 1280, 1280 (Fla. 5th DCA 1997) ("We affirm ... without prejudice to Brown to file, within 30 days of this opinion, a rule 3.850 motion raising this issue."); Thomas v. State, 686 So.2d 699, 700 (Fla. 4th DCA 1996) (affirming "the trial court's order of dismissal [but holding that it] should have been with leave to file an amended motion conforming to [certain pleading] requirements").
BROWNING, J., concurring in part and dissenting in part.
I concur with the majority en banc opinion. However, I also concur with Judge Ervin on certification and, accordingly, dissent from the majority en banc opinion to the extent that certification of Judge Ervin's question, or a similar question, is omitted.
ERVIN, J., dissenting.
The majority's one-paragraph opinion denying Brooks' petition for a belated appeal makes no attempt to distinguish the facts in this case from those in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); indeed, it fails altogether to acknowledge its potential applicability. Because I am of the firm belief that Flores-Ortega requires, before deciding the issue of whether Brooks is entitled to an appeal, that jurisdiction be first relinquished to the special master to determine if appellant, as a rational defendant, would have wanted to appeal, I dissent.
The essential facts in Flores-Ortega and Brooks are nearly indistinguishable.[1] Following sentencing in both cases, the defendants were advised by the trial court of their right to appeal. Brooks alleged in his petition that he had timely requested his attorney to file an appeal, but that he had not done so, whereas Flores-Ortega contended that his lawyer had not filed a timely notice of appeal, as she had promised.[2] In both cases evidentiary hearings *202 were conducted to resolve the disputed factual allegations. In both cases the fact-finders determined that the allegations were not established; in Brooks the special master accepted the testimony of counsel over that of Brooks that no request was made, but also found Brooks had not waived his right to appeal; in Flores-Ortega the magistrate found, based on defense counsel's testimony that she could not remember whether she had made a promise to her client to appeal, that no such promise was given.
The judicial officers assigned in both cases did not limit their findings to a decision simply resolving the limited issues framed by the defendants' pleadings, but made the additional determination, based on the attorneys' failure to remember whether they had discussed with their clients their appeal rights, that no such consultation had occurred. As a result, the special master in Brooks recommended that Brooks be afforded an appeal as a matter of law, because of counsel's failure to comply with the duty to confer with the defendant regarding the right to appeal. Although the magistrate's recommendation that Flores-Ortega's petition be denied, based on conflicting evidence regarding the alleged promise to appeal, was accepted by the trial court, the Ninth Circuit Court of Appeals reversed, stating that because the record did not show the defendant had consented to his lawyer's failure to file an appeal, the defendant must be deemed entitled to an appeal. See Ortega v. Roe, 160 F.3d 534 (9th Cir.1998).
The majority concludes that because Brooks made no allegation other than that his lawyer had neglected to honor his timely request to appeal, the petition must be denied without further inquiry. This court's decision may have been correct before the United States Supreme Court decided Flores-Ortega, but it now flies in the face of the criteria for evaluating a Sixth Amendment ineffective assistance of counsel claim, as announced in Flores-Ortega. A brief history of pertinent case law leading up to the Flores-Ortega decision is in order.
Over 30 years ago, the United States Supreme Court held in Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969), that an indigent defendant who alleged his attorney had deprived him of an appeal by not taking an appeal upon his request was not required to make a preliminary showing of arguable points on the merits in order to be entitled to a belated appeal. The Court explained that an appeal from a criminal conviction is, under such circumstances, a matter of right, and it would constitute a denial of equal protection of the law if indigents were precluded from an appeal for not making a meritorious showing while nonindigents were not so required. The Florida Supreme Court shortly thereafter followed the Rodriquez decision in Baggett v. Wainwright, 229 So.2d 239 (Fla.1969), holding that a defendant need not allege issues of merit in his or her petition, and it concluded by stating that only two issues were appropriate for resolution: first, did the defendant, if aware of his or her right to appeal, timely express the desire to appeal to the court, defense attorney or other appropriate person, and second, did the facts show a deprivation, through state action, of this right guaranteed to the defendant?[3] In Florida, up until the present case, the question of whether the defendant's counsel undertook to consult with his or her client concerning the advantages *203 and disadvantages of taking an appeal was deemed an inappropriate inquiry; the only pertinent issue for resolution, as modified by case law following Baggett, see footnote 3, infra, was whether the defendant had timely made a request for an appeal. See Despres v. State, 427 So.2d 257 (Fla. 5th DCA 1983).
As had the Florida courts, federal case law initially limited the issue of a defendant's entitlement to a delayed appeal to a determination of whether a communication for same had been timely conveyed. With the passage of years, however, conflict on the subject arose between the various United States appellate courts, some holding that counsel has no duty to file an appeal unless specifically asked to do so by the defendant. See Morales v. United States, 143 F.3d 94, 97 (2d Cir.1998); Ludwig v. United States, 162 F.3d 456, 459 (6th Cir.1998); Castellanos v. United States, 26 F.3d 717, 719-20 (7th Cir.1994). Others held that a defendant need show only that he or she did not consent to counsel's failure to file a notice of appeal to be entitled to an appeal. See Romero v. Tansy, 46 F.3d 1024, 1031 (10th Cir.1995); Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992).
It was for the purpose of resolving this conflict that the United States Supreme Court accepted certiorari review in Flores-Ortega. At the very outset of its opinion, the Court framed the issue before it in the following terms: "In this case we must decide the proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal without respondent's consent." Flores-Ortega, 528 U.S. at 473, 120 S.Ct. 1029. Eschewing a bright-line rule that a defendant is entitled to a belated appeal anytime defense counsel fails to confer with the defendant in regard to an appeal, the Court announced that the issue should be resolved by applying the two-pronged test established by Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), requiring that a defendant show that the lawyer's performance was deficient and that the deficient performance prejudiced the defense. Id. at 476-77, 120 S.Ct. 1029.
In its analysis of the deficiency prong of the Strickland test, as applied to lateappeal petitions, the Court noted two lines of authority: First, following Rodriquez, the Court observed that an attorney who intentionally disregards specific instructions from a defendant to file an appeal is per se deficient, and prejudice is presumed without a showing of actual prejudice. Second, a defendant who asks his or her lawyer not to appeal cannot later complain that counsel performed deficiently. Id. at 477, 120 S.Ct. 1029. The Court noted that the facts in the case before it fell between the above two described situations, causing it to pose the next question for resolution: "Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?" Id.
The reader should be aware that the Court, by presenting the question in such fashion, obviously accepted the magistrate's finding, based on the evidence that Flores-Ortega's attorney was unable to remember a conversation with the defendant about filing an appeal, that the defendant had not expressed a desire for an appeal to his lawyer, nor had counsel discussed the matter of an appeal with him. Having drawn this inference from the evidence, the Court observed that in instances in which it is found that a defendant has not expressed a desire that an appeal be either taken or not taken, the next required question to ask, independent of any such request, is "whether counsel in fact consulted with the defendant about an appeal." Id. *204 at 478, 120 S.Ct. 1029. If in a case, such as that before it, "counsel has not consulted with the defendant, the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." Id. Although the Court considered it preferable for a lawyer to inform the client routinely of his or her appeal rights, it would not "say, as a constitutional matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient."[4]Id. at 479, 120 S.Ct. 1029 (emphasis omitted).
It thereupon adopted the following test for determining whether the attorney's lack of communication with the defendant regarding the advantages and disadvantages of an appeal could be deemed deficient:
[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings.... Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Id. at 480, 120 S.Ct. 1029 (citation omitted) (emphasis added). The Court thereupon remanded the case for further proceedings consistent with the test which it had approved.
It is important to note that although the Supreme Court declined to say that an attorney has a duty to consult with a client regarding an appeal, or to apply the Ninth Circuit Court's per se rule of deficient performance in the absence of a showing that the defendant had consented to counsel's failure to file an appeal, the Court clearly and in unambiguous terms stated that a petition which states only that counsel did not comply with the defendant's request cannot be summarily deniedas the majority here has concludedonce it is determined that the evidence supports a finding that the request was not made or shows the defendant's wishes were unclear. It should be obvious to an objective person from only a cursory reading of the Court's opinion that neither the issue of counsel's deficient performance, nor of any possible prejudice resulting from counsel's failure to consult can be resolved until "all relevant factors in a given case" are considered, *205 including whether a rational defendant would have desired an appeal because there may be "nonfrivolous grounds for appeal." Consequently, independent of the question of whether the specific allegations of a petitioner regarding whether he or she requested counsel to file an appeal are refuted by the record, the inquiry required by the Supreme Court is not concluded until a showing has been made whether the defendant otherwise reasonably indicated to counsel a desire to appeal, or whether nonfrivolous grounds existed for an appeal.
Although, as earlier stated, the essential facts in the two cases are practically indistinguishable, the results the majorities reached in the two cases are substantially dissimilar: Flores-Ortega, who alleged only in his petition for belated appeal, following his conviction after a plea of guilty, that his attorney had failed to comply with her promise to file an appeal, was given the right to a further evidentiary hearing, or further findings based on the evidence received, on the question of whether nonfrivolous grounds existed for an appeal. Brooks, whose only allegation of deficiency related to his attorney's failure to honor his request to file an appeal, following his conviction after jury trial, is, however, without any further inquiry, being denied a belated appeal, because, in this court's opinion, the special master's finding that Brooks had not timely made the request is supported by competent, substantial evidence.
Judge Benton concurs with the majority's opinion insofar as it holds that because petitioner alleged only that he requested an appeal, which was not supported by the evidence, the petition should be denied. Judge Benton would deny the petition without prejudice, however, to allow Brooks to file an amended petition, which could presumably comply with one or more of the alternative grounds of relief for a belated appeal recognized in Flores-Ortega. Apparently Judge Benton is concerned that a remand for the purpose stated in this dissent would not fairly place the state on notice of a basis of relief not pled.
As I have labored to explain, the correct application of the Flores-Ortega analysis does not depend on what is alleged in a defendant's petition. The Court there carefully explained that the formalities of pleading were not required of indigent, pro se defendants. All that was demanded was that they "demonstrate that, but for counsel's deficient conduct, [they] would have appealed." Id. at 486, 120 S.Ct. 1029. By its choice of the word "demonstrate," the Court was clearly speaking in terms of evidence, not of pleading. Moreover, remand for the purpose advocated in this dissent would cure any possible lack of notice to the state caused by the petition's failure to address an issue that could later be adequately explored and defended. Similarly, Judge Benton's concern over the omission of a finding in the special master's order, as stated in Flores-Ortega, id. at 484, 120 S.Ct. 1029, "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed," could be remedied on remand by directing the special master to make such finding in a revised order.
By proceeding en banc, the majority must consider this case to be one of exceptional importance because it has not identified in its opinion any intradistrict conflict between a proposed panel decision and a prior decision of this court, yet it declines to certify a question of great public importance to the Florida Supreme Court regarding whether an attorney's conduct in failing to consult with his or her client regarding an appeal can be considered constitutionally ineffective assistance in a *206 situation where the client fails to communicate to counsel a desire for an appeal. In my judgment, the issue of ineffective assistance of counsel under such circumstances could be fairly resolved by presenting to that court a question, or one in similar language, as follows:
DO THE CRITERIA OF ROE v. FLORES-ORTEGA, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), FOR EVALUATING AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM, BASED ON COUNSEL'S FAILURE TO FILE A NOTICE OF APPEAL WITHOUT THE PETITIONER'S CONSENT, APPLY TO A CASE SUCH AS THIS IN WHICH THE PETITIONER, INFORMED OF HIS RIGHT TO AN APPEAL BY THE SENTENCING COURT, ALLEGED ONLY THAT HIS ATTORNEY HAD FAILED TO COMPLY WITH HIS REQUEST TO FILE A NOTICE OF AN APPEAL, BUT THE SPECIAL MASTER FOUND THAT PETITIONER DID NOT ASK FOR AN APPEAL, YET ALSO FOUND THAT COUNSEL DID NOT CONFER WITH HIM REGARDING THE MERITS OF A POSSIBLE APPEAL, AND BOTH FINDINGS ARE SUPPORTED BY COMPETENT, SUBSTANTIAL EVIDENCE?
The majority's refusal to certify a question which would fairly present the issue to the supreme court makes its decision virtually unreviewable. Not only is the defendant's right to a potential appeal thwarted by the majority's decision, but the rule of law as well.
NOTES
[1] One pertinent distinguishing fact in Brooks is that his conviction followed trial by jury; whereas in Flores-Ortega it occurred after a plea of guilty, which, if anything, makes Brooks a more compelling case for permitting a belated appeal than Flores-Ortega. See Flores-Ortega, 528 U.S. at 488, 120 S.Ct. 1029 ("[C]ounsel does `almost always' have a constitutional duty to consult with a defendant about an appeal after a trial.") (Breyer, J., concurring).
[2] Although Brooks, unlike Flores-Ortega, did not specifically allege in his petition that his attorney had promised him a timely appeal, he testified at the evidentiary hearing that his lawyer acquiesced to his request for an appeal.
[3] The second requirement has since been eliminated. See State v. Dist. Ct. of App., First Dist., 569 So.2d 439 (Fla.1990); State v. Meyer, 430 So.2d 440 (Fla.1983); Joseph v. State, 451 So.2d 886 (Fla. 5th DCA 1984).
[4] Despite the Court's refusal to impose such requirement, it did make the following prediction: "We expect that courts evaluating the reasonableness of counsel's performance using the inquiry we have described will find, in the vast majority of cases, that counsel had a duty to consult with the defendant about an appeal." Id. at 481, 120 S.Ct. 1029. In so prophesying, the Court could hardly be expected to anticipate that an appellate court would altogether refuse to apply the inquiry it had described in a case involving a defendant's asserted entitlement to a belated appeal once findings supported by the evidence are made that the defendant neither communicated his or her desire for an appeal, nor had counsel conferred with the client about an appeal.