TORPY, J.
Appellant challenges the trial court’s order that denied his motion for post-conviction relief. We have reviewed each of Appellant’s points on appeal but determine that only three points merit discussion.
First, Appellant contends that the trial court erred by not permitting him to amend his motion to add new grounds for relief, after the two-year limitations period had expired. In support of his argument on this point, Appellant cites to Rivet v. State, 618 So.2d 377 (Fla. 5th DCA 1993). However, Appellant’s reliance on Rivet is misplaced. There, the proposed amendment was to cure a deficient affidavit, not to assert a new substantive ground for relief as Appellant attempted to do here. Under the circumstances posed here, the trial court did not err in summarily denying the request. Compare Gaskin v. State, 737 So.2d 509 (Fla.1999) (amendment permitted when made within limitations period).
Next, Appellant contends that the trial court erred in not holding an eviden-tiary hearing to address the merits of his claim that his counsel was ineffective for failing to preserve certain physical evidence- — the pants he wore when arrested. Appellant alleges that the eyewitness, Ms. Jones, told police that the perpetrator *1199 wore black pants with a distinctive white stripe, but that the pants Appellant wore when arrested shortly after the crime took place did not match Ms. Jones’s description. Appellant further alleges that he informed his counsel of these facts while he was still in custody but that his counsel did nothing to preserve this evidence before he was released from jail.
The trial court concluded that this claim was refuted by the record in that both Ms. Jones’s statement taken on the day of the incident and the police report failed to indicate that she had described a white stripe on the perpetrator’s pants. The trial court, however, overlooked the written statement of Ms. Jones identified by her during her redirect examination wherein she clearly stated that the perpetrator’s pants had a distinctive white stripe. Thus, the trial courts basis for summarily denying the claim was erroneous.
Finally, Appellant contends that his counsel failed to exercise a challenge to a juror whose father had been a victim of a similar crime. The trial court summarily denied this claim because the record revealed no basis for dismissing the juror for cause. However, the record does not refute Appellant’s contention that his counsel should have exercised a peremptory challenge, a facially sufficient allegation. See Black v. State, 771 So.2d 583 (Fla. 4th DCA 2000).
We therefore reverse the order and remand this cause to the trial court to either conduct an evidentiary hearing or attach portions of the record that conclusively refute Appellants allegations that his counsel was ineffective for failing to preserve physical evidence and for failing to exercise a challenge, as discussed herein. In all other respects the lower court’s order is affirmed.
REVERSED in part and REMANDED; AFFIRMED in part.
SHARP, W., and PALMER, JJ., concur.