ROTHENBERG, Judge.
The petitioner, Larry Duggins, seeks a belated appeal pursuant to Florida Rule of Appellate Procedure 9.141(c). We deny the petition.
It appears from the record on appeal that the petitioner was convicted and initially sentenced to a split sentence of incarceration followed by probation. The record reflects that he served approximately four and one-half years in state prison for third degree murder, armed burglary with an assault, and sale of narcotics, and he was serving the probationary portion of his sentence when an affidavit for violation of probation was filed. On November 7, 2003, the petitioner entered into a negotiated plea with the State, wherein he admitted to violating his probation, in exchange for a ten year sentence with credit for the four and one-half years previously served in custody. The plea colloquy reflects that at the time of the plea, the petitioner’s sentencing guidelines reflected a recommended range of fourteen to twenty-three years incarceration. On August 3, 2005, the petitioner filed this instant petition, seeking a belated appeal.[1] As grounds, the petitioner claims that while he had requested that his attorney file an appeal, he failed to do so.[2]
The State, in its response to Duggins’ petition for belated appeal, states that it contacted the petitioner’s attorney, who denied being requested to file an appeal by the petitioner. In order to resolve this factual dispute, on October 14, 2005, this court appointed the Honorable Ivan F. Fernandez to act as Commissioner and to hold an evidentiary hearing to resolve the conflict. See State v. Trowell, 739 So.2d 77, 81 (Fla.1999)(Petitioner must allege that he made a timely request that counsel file a notice of appeal); Reese v. State, 743 So.2d 1104 (Fla. 4th DCA 1998)(hearing required if State makes a good faith showing of disputed allegations in petition).
After conducting the evidentiary hearing, the Commissioner weighed the testimony of the petitioner and his trial attorney, and resolved the conflict, concluding that the petitioner did not request that his attorney file an appeal.
We review the factual determinations made by the Commissioner by the same standard in which we review the factual findings of other triers of fact; i.e. juries and trial judges serving in their capacities as fact finders. The trier of fact’s factual findings will not be disturbed on appeal if *777 supported by competent substantial evidence. Lewis v. State, 874 So.2d 728 (Fla. 3d DCA 2004)(denying petition for belated appeal where commissioner, who was appointed to make factual findings, found that petitioner .did not timely request his attorney to file an appeal and in fact knowingly waived his right to appeal); Marino v. State, 828 So.2d 393 (Fla. 4th DCA 2002)(denying petition for belated appeal where commissioner, who was appointed to make factual findings, found that petitioner did not communicate to his attorney that he wanted to file appeal); Brooks v. State, 816 So.2d 199 (Fla. 1st DCA 2002)(en banc)(affirming denial of belated appeal where special master’s finding, that petitioner had not timely requested that his attorney file appeal, was supported by competent substantial evidence). As there is competent substantial evidence in the record to support the Commissioner’s finding that the petitioner did not timely request his attorney to file an appeal as required, we deny the petitioner’s request to file a belated appeal.
Petition denied.

. The petitioner does not indicate in his petition what the grounds for appeal might be.

. The petitioner did not indicate in his petition when he allegedly made this request of counsel.