# Third District Court of Appeal

## State of Florida

Opinion filed January 6, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1181
Lower Tribunal No. 11-769
_____


**Thomas L. Parrish,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction – Habeas Corpus.

Thomas L. Parrish, in proper person.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for respondent.


Before ROTHENBERG, SALTER and SCALES, JJ.


SCALES, J.

In October of 2013, Petitioner Thomas Parrish entered a guilty plea to the following charges: (1) armed robbery, (2) kidnapping, (3) aggravated battery on a pregnant victim, and (4) four counts of sexual battery. Pursuant to the plea, Parrish was sentenced to twenty-five years in prison, followed by five years of probation.

On or about June 25, 2014, Parrish, pursuant to Rule 9.141(c) of the Florida Rules of Appellate Procedure, filed a petition for writ of habeas corpus with this Court seeking a belated appeal. Because that petition was facially insufficient (that is, it did not allege that Parrish had made a timely request of counsel to file an appeal on Parrish's behalf), we denied the petition without prejudice. Parrish v. State, 158 So. 3d 591 (Fla. 3d DCA 2014)(Table).

On or about May 22, 2015, Parrish filed the instant petition for writ of habeas corpus with this Court, again seeking a belated appeal. In the instant petition, Parrish specifically asserts that, on November 6, 2013, Parrish ". . . informed counsel that he wished to appeal and instructed him [counsel] to take the necessary steps to preserve that right."[1]

---

[1] While not relevant at this stage of the proceedings, it appears from the instant petition that the basis of Parrish's potential belated appeal would be Parrish's allegation that he was "rushed through the plea process and that his [Parrish's] plea was not knowingly and voluntarily entered." See State v. Trowell, 739 So. 2d 77 (Fla. 1999) (holding that when determining whether to grant motion for belated appeal, the appellate court should not look to any potential merits of the appeal, but should limit its inquiry to whether trial counsel was requested timely, and failed, to file the notice of appeal). In other words, Parrish will argue that his plea was involuntary, as contemplated in Rule 9.140(b)(2)(A)(ii)(c). While the record is silent as to whether Parrish filed a timely Rule 3.170(l) motion to withdraw his

We ordered the State to respond to the instant petition. The State appended an e-mail to its Response that Parrish's trial counsel sent to the State, in which trial counsel disputes Parrish's assertion that counsel was requested to file a notice of appeal. Accordingly, the State has raised a good faith basis to dispute Parrish's claim that Parrish instructed his trial counsel to file a notice of appeal. Parrish's entitlement to a belated appeal depends on a determination of this disputed fact.

Therefore, we appoint a commissioner, Judge Stacy D. Glick (the trial judge below), to hold an evidentiary hearing and determine the limited, disputed issue of fact upon which the instant petition turns: whether Parrish instructed his trial counsel to file a notice of appeal. Trowell, 739 So.2d at 81.

In order to allow Judge Glick the opportunity to conduct an evidentiary hearing, make the required determination, and transmit a report of such determination to this Court, the proceedings on the instant petition shall be held in abeyance for sixty days from the date of this order.

Commissioner appointed; petition held in abeyance.

---

plea – a condition precedent to filing an appeal of a guilty plea under Rule 9.140(b)(2)(A)(ii)c – Trowell instructs that it would be premature for us to consider the merits of any such appeal when determining whether to grant a motion for belated appeal.

3