# Third District Court of Appeal

**State of Florida**


Opinion filed May 10, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-176
Lower Tribunal Nos. 09-10800A
& 09-10802

_____


**Cedric Brownlee,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction — Petition for Belated Appeal.

Cedric Brownlee, in proper person.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for respondent.


Before SUAREZ, C.J., and LAGOA and SCALES, JJ.

SCALES, J.

In May of 2015, Petitioner Cedric Brownlee entered a guilty plea to the following charges: (1) second degree murder, (2) robbery with a firearm, and (3) carrying a concealed weapon by a convicted felon. The trial court sentenced Brownlee to thirty-five years in prison, followed by five years of probation.

Brownlee filed a petition with this Court, pursuant to rule 9.141(c) of the Florida Rules of Appellate Procedure, seeking a belated appeal. In his petition, Brownlee asserts that he requested his defense counsel to appeal the trial court's denial of his motion to suppress evidence, which had preceded his guilty plea. Brownlee asserts that he made this request of defense counsel both before and after the guilty plea, and that his guilty plea was premised upon Brownlee preserving his right to appeal the suppression issue. Such appeal did not occur.

We ordered the State to respond to the instant petition. In its Response, the State argues that Brownlee is not entitled to a belated appeal because the trial court's denial of the motion to suppress did not trigger a dispositive, appealable issue. Further, the State informed this Court that it contacted Brownlee's defense counsel who recalled that he advised Brownlee about his appellate rights in light of his plea bargain. Accordingly, the State has raised a good faith basis to dispute Brownlee's assertion that his defense counsel failed to file an appeal on his behalf. Brownlee's entitlement to a belated appeal depends upon a determination of this disputed fact.

2

Therefore, we appoint a commissioner, Judge Ellen Venzer (the trial judge below), to hold an evidentiary hearing and determine the limited, disputed issue of fact upon which Brownlee's petition turns: whether Brownlee instructed his defense counsel to file a notice of appeal. See State v. Trowell, 739 So. 2d 77 (Fla. 1999).

In order to allow Judge Venzer the opportunity to conduct an evidentiary hearing, and transmit a report of such determination to this Court, the proceedings on the instant petition shall be held in abeyance for a period of sixty days from the date of this order.

Commissioner appointed; petition held in abeyance.