# Third District Court of Appeal

## State of Florida

Opinion filed July 5, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-886
Lower Tribunal No. 11-28746
_____


**Wilfredo Cardenas,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction – Habeas Corpus.

Wilfredo Cardenas, in proper person.

Pamela Jo Bondi, Attorney General, and Kayla H. McNab, Assistant Attorney General, for respondent.


Before LOGUE, SCALES and LUCK, JJ.

PER CURIAM.

On April 21, 2017, Wilfredo Cardenas filed a petition for writ of habeas corpus with this Court seeking a belated appeal. In 2014, Cardenas accepted a plea agreement in which he pled guilty to second degree murder. The trial court sentenced Cardenas to eighteen years in prison, followed by three years of probation.

In his petition seeking a belated appeal, Cardenas asserts that, at the conclusion of his sentencing hearing, he "requested defense counsel to file a Notice of Appeal in behalf of the trial court's order denying Defendant's motion to suppress." Cardenas's defense counsel did not file a notice of appeal.[1] The record reflects that there is no trial court order denying a motion to suppress.

We ordered the State to file a response wherein the State advised the Court that it contacted Cardenas's defense counsel who maintained that Cardenas had not requested that he file a notice of appeal. The State incorporated an email exchange with defense counsel as an exhibit to its response. Accordingly, the State has raised a good faith basis to dispute Cardenas's claim that he requested his counsel to appeal the trial court's denial of his alleged motion to suppress.[2] Parrish v. State, 201 So. 3d 145, 145-46 (Fla. 3d DCA 2016).

---

[1] On March 30, 2015, Cardenas filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. This motion raised issues not raised here. The trial court denied Cardenas's motion. We affirmed in Cardenas v. State, 208 So. 3d 712 (Fla. 3d DCA 2016) (table).

[2] The record reflects that Cardenas did file a motion to dismiss. This motion was

We appoint as a commissioner, Judge Monica Gordo (the trial judge below), to conduct an evidentiary hearing and determine the limited, disputed fact on which the instant petition is based: whether Cardenas instructed his defense counsel to file a notice of appeal. Id. at 146. In order to allow Judge Gordo the opportunity to conduct an evidentiary hearing, make the required determination, and transmit a report of such determination to this Court, the proceedings of the instant petition shall be held in abeyance for sixty days from the date of this order.

Commissioner appointed; petition held in abeyance.

---

withdrawn with the plea agreement, and the trial court advised Cardenas accordingly.