# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2044
Lower Tribunal No. 06-37562
_____


**Christopher Santiago,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction – Petition for Belated Appeal

Christopher Santiago, in proper person.

Pamela Jo Bondi, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.


Before ROTHENBERG, C.J., and SALTER and LUCK, JJ.

PER CURIAM.

On March 4, 2015, after petitioner Christopher Santiago's probation was revoked, the trial court sentenced him to fifteen years imprisonment. Santiago filed a petition with this court, pursuant to Florida Rule of Appellate Procedure 9.141(c), seeking a belated appeal of this sentence.

In his petition, Santiago contends that he requested his trial counsel to file an appeal of the sentence, and that, despite agreeing to the request, trial counsel failed to do so. We ordered the state to respond to the petition, and in its response, the state wrote that it spoke with trial counsel, who gave his version of the post-sentence conversation with Santiago. When an appeal of the probation sentence came up, trial counsel said, Santiago was told that he could appeal but trial counsel (who was privately retained) would not handle it and Santiago would have to find another attorney.

The state's response raises a good faith basis to dispute Santiago's assertion that he requested his trial counsel to file an appeal on his behalf, and his trial counsel agreed to do it. See Brownlee v. State, 223 So. 3d 1064, 1065 (Fla. 3d DCA 2017) (finding the state "had raised a good faith basis to dispute" the defendant's belated appeal petition where the state's response "informed this Court that it contacted Brownlee's defense counsel who recalled that he advised Brownlee about his appellate rights in light of his plea bargain"); Parrish v. State, 201 So. 3d 145, 145-46 (Fla. 3d DCA 2016) (finding the state "raised a good faith

2

basis to dispute" the defendant's belated appeal petition where the state "appended an e-mail to its Response . . . in which trial counsel disputes Parrish's assertion that counsel was requested to file a notice of appeal").  We, therefore, appoint the judge presiding in criminal division ten of the Miami-Dade circuit court as a commissioner to hold an evidentiary hearing and determine the limited, disputed issues of fact upon which Santiago's petition turns:  whether Santiago instructed his trial counsel to file a notice of appeal and trial counsel agreed to file one.  See Fla. R. App. P. 9.140 cmt. n. (1996 amend.) ("In the rare case where entitlement to belated appeal depends on a determination of disputed facts, the appellate courts may appoint a commissioner to make a report and recommendation.").   In order to allow the division judge the opportunity to conduct an evidentiary hearing, make the required determination, and transmit the report of such determination to this court, the proceedings on Santiago's petition shall be held in abeyance for sixty days from the date of this order.

Commissioner appointed; petition held in abeyance.