# Third District Court of Appeal

## State of Florida

Opinion filed November 22, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1963
Lower Tribunal No. 14-21972A
_____


**Juan Alvarez,**
Petitioner,

vs.

**The State of Florida,**
Respondent.


A Case of Original Jurisdiction—Petition for Belated Appeal.

Juan Alvarez, in proper person.

Pamela Jo Bondi, Attorney General, and Nikole Hiciano, Assistant Attorney General, for respondent.


Before LAGOA, SCALES, and LUCK, JJ.

LAGOA, J.

The Petitioner, Juan Alvarez ("Alvarez"), seeks a belated petition pursuant to Florida Rule of Appellate Procedure 9.141(c). Because the petition requires a determination of a disputed fact, we appoint a commissioner to hold an evidentiary hearing and determine the limited, disputed issue of fact that remains. The petition shall be held in abeyance for a period of sixty (60) day from the date of this order.

On February 1, 2017, the State filed a Notice of State's Intention to Seek Enhanced Penalty Pursuant to F.S. 775.084, stating that Alvarez qualified for an enhanced penalty as a habitual felony offender, and a Notice of Defendant's Qualifications as a Prison Releasee Reoffender and Required Sentencing Term Pursuant to F.S. 775.082. On February 10, 2017, Alvarez pled guilty to robbery while armed with a firearm or deadly weapon, and to resisting an officer without violence, and on February 21, 2017, the trial court sentenced Alvarez to five years in prison, followed by five years on probation.

On August 28, 2017, Alvarez filed a petition for writ of habeas corpus with this Court seeking a belated appeal.[1] In his petition, Alvarez alleges that on the day he entered his plea, he requested his counsel to file a direct appeal regarding the plea proceedings. Alvarez further asserts that his counsel informed him that

[1] Florida Rule of Appellate Procedure 9.141(c)(4)(F)(i) provides that a petition seeking a belated appeal "must state whether the petitioner requested counsel to proceed with the appeal and the date of any such request, or if the petitioner was misadvised as to the availability of appellate review or the status of filing a notice of appeal." We find that Alvarez's petition is facially sufficient, as it alleges these facts.

no appeal was available, that he could not appeal anything regarding the plea proceedings, and that he absolutely waived everything regarding an appeal, including his judgment and sentence, when he entered the plea.

The petition further asserts that "on or about June 2017," Alvarez asked a family friend to check the docket to see if an appeal was filed in his case, and he subsequently learned that an appeal had been not been filed.

Alvarez proceeded to file the instant petition, and this Court ordered the State to respond. In its Appendix to its Response, the State included the following email from Alvarez's former counsel, which disputes Alvarez's assertion that he requested that counsel file an appeal:

> I was never requested to file an appeal as I would have done so and would have notified the Public Defender's Office. In fact, Mr. Alvarez entered a plea of guilty after instructing me to negotiate a plea agreement for one count of first-degree armed robbery with a firearm, punishable by life (PBL) for five years state prison, with a minimum mandatory of three years, as habitual offender, followed by five years of reporting probation, with early termination after two and half years, consecutive to the federal sentence, with all credit for time served of 867 days, with time served for the 1st degree misdemeanor of resisting an officer without violence to this person. In fact, Mr. Alvarez as a prison releasee re-offender (PURR), was facing life which was waived as well as the 10 year minimum mandatory sentence which he was facing for the use of the firearm in the commission of the felony. In fact, after the plea, Mr. Alvarez could have appealed an illegal sentence but I was never requested to file any such appeal. Please let me know what is the basis for the appeal as I was never requested to appeal or discussed any grounds for the appeal with Mr. Alvarez or anyone on his behalf.

3

In State v. Trowell, 739 So. 2d 77, 81 (Fla. 1999), the Florida Supreme Court held that "[i]f the State raises a good faith basis to dispute the defendant's claims through affidavit or specific contrary allegations, the appellate court may order an evidentiary hearing in the trial court to determine the limited disputed issues of fact."

Because the State has raised a good faith basis to dispute Alvarez's claim that he instructed his counsel to file an appeal, we order the appointment of a special commissioner, Judge Jose L. Fernandez (the trial court judge below), to hold an evidentiary hearing to resolve this limited, factual dispute. See, e.g., Brownlee v. State, 223 So. 3d 1064, 1065 (Fla. 3d DCA 2017); Duggins v. State, 921 So. 2d 775, 776 (Fla. 3d DCA 2006).

In order to allow Judge Fernandez the opportunity to conduct an evidentiary hearing, make the required determination, and transmit an order to this court of the determination, this petition shall be held in abeyance for a period of sixty (60) days. See Parrish v. State, 201 So. 3d 145, 146 (Fla. 3d DCA 2016).

Commissioner appointed; petition held in abeyance.

4