# Third District Court of Appeal
## State of Florida

Opinion filed February 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1925
Lower Tribunal No. F17-1698
_____

**Michael Mario Delgado,**
Petitioner,

vs.

**State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Michael Mario Delgado, in proper person.

John Guard, Acting Attorney General, and Richard L. Polin, Chief Assistant Attorney General, for respondent.

Before SCALES, LOBREE and GOODEN, JJ.

GOODEN, J.

Petitioner Michael Delgado seeks a belated appeal of the denial of his Rule 3.850 motion. Because the petition is legally sufficient and the State's response raises a good faith factual dispute, we appoint a commissioner to resolve the factual dispute.

Florida Rule of Appellate Procedure 9.141(c) sets forth the requirements for a petition seeking a belated appeal. "If a petitioner presents a facially sufficient petition consistent with the rule's requirements, . . . the burden shifts to the State to specifically dispute the petitioner's allegations." Hastings v. State, 348 So. 3d 1174, 1175 (Fla. 5th DCA 2022). "If the State raises a good faith basis to dispute the petitioner's claims through affidavit or specific contrary allegations, the appellate court may order an evidentiary hearing in the trial court to determine the limited disputed issues of fact." Id. Accord State v. Trowell, 739 So. 2d 77, 81 (Fla. 1999); Brownlee v. State, 223 So. 3d 1064, 1065 (Fla. 3d DCA 2017); Alvarez v. State, 230 So. 3d 625, 627 (Fla. 3d DCA 2017).

In his sworn petition, Delgado claims that he timely handed prison officials the notice of appeal. Approximately seventy days later, he handed prison officials a notice of inquiry concerning the status of his appeal. The petition included stamped copies of these documents. However, Delgado

2

did not submit proof of the prison's outgoing mail logs or a copy of the envelopes.

In response, the State represents it contacted the prison. The prison officials advised that they do not have any record that Delgado sent any legal mail during the respective period. But officials explained that if Delgado used his own postage, they would not have such a record. As a result of this discrepancy, the State requests this Court appoint a commission to conduct an evidentiary hearing on Delgado's claims.

Because the State has raised a good faith basis to dispute Delgado's claims, we appoint the Honorable Alberto Milian—the trial judge who presided below—to hold an evidentiary hearing to resolve this limited, factual dispute. To allow Judge Milian the opportunity to conduct the evidentiary hearing and submit his determination to this Court, this petition shall be held in abeyance for a period of sixty days. See Parrish v. State, 201 So. 3d 145, 146 (Fla. 3d DCA 2016).

Commissioner appointed; petition held in abeyance.